WILLIAMS *against* BALDWIN.

MOTION, on behalf of the defendant, for a new trial, on the ground of newly discovered evidence. The affidavits on both sides, were submitted to the Court, without argument.

WOODWORTH, J. delivered the opinion of the Court. The defendant makes oath, *that since the trial, and not before,* he has discovered that *Stephen Tappen* was a material witness for him on the trial of this cause.

The question submitted to the jury was, whether a certain note of about 200 dollars, in favour of the defendant, against *Rayner & Pinney,* and which the defendant had sold to the plaintiff, was, or was not, included in the endorsement of 293 dollars and 50 cents, on the note, upon which the present suit was commenced. The jury believing it was included, gave a verdict for the plaintiff for the whole amount claimed, deducting the endorsement on the note *only.* The affidavit of *Stephen Tappen,* the witness, states, that the note of 200 dollars against *Rayner & Pinney,* was *not the consideration of, nor was it included* in, the endorsement of 293 dollars and 50 cents. The testimony, then, if true, is material; and the further inquiry is, whether *laches* is not imputable to the defendant? If he knew that *Tappen* was a material witness, and that he could not procure his attendance in time, he ought to have applied to postpone the trial. (2 *Caines,* 155. 3 *Caines,* 182. 186. 307.)

It appears, from the affidavit of *William H. Sabin,* that the endorsement is in the hand writing of *Tappen;* that for five or six years last past, he has been in the service of the defendant, and resided near him at the time of trial ; that *Harvey Baldwin,* a son of the defendant, who served the notice of motion for a new trial, and who stated, that he was agent for his father, and took upon him the defence of the suit, admitted that he had seen the note, and knew that the

*A new trial will not be granted, on the ground of newly discovered evidence, if it appear that the evidence might, with reasonable attention and diligence, have been procured before the first trial.*

*It seems, that on a motion for a new trial, on the ground of newly discovered evidence, it is competent to the adverse party to show, by affidavit, that the witness whose testimony is stated to be material, and newly discovered, is wholly unworthy of credit.*

ALBANY,
January, 1821.

endorsement was in the hand writing of *Tappen*. These facts seem to establish great inattention in not procuring the testimony of the witness, or in not putting off the trial of the cause; they excite strong suspicion, that the defence is colourable only. The plaintiff has proved, by a number of witnesses, that *Tappen* is wholly unworthy of credit under oath. This it was competent for him to do. In *Pomeroy* v. *The Columbian Ins. Co.* (2 *Caines*, 260.) the plaintiff was permitted to read affidavits to question the credibility of the witness newly discovered.

On the whole, I am of opinion, that there has not been proper diligence to obtain the testimony of *Tappen*, and there are strong grounds to believe his character is infamous.

The motion for a new trial must, therefore, be denied.

Motion denied.