Green, J.
delivered the opinion of the court.
This is an action of detinue for a negro girl. The plaintiff claims under a deed of trust executed to him on the 28th day of September, 1826, by which the negro was conveyed by Elijah Harbour to the plaintiffs, to be held in trust for the benefit of his daughter, Sally Ker-logue. The negro had been placed in possession of Kerlogue about a year before the execution of the deed, and the only question was, whether she had been given to Kerlogue when thus placed in his possession, or whether she had been loaned only. There were several mistrials, and at last a verdict for the defendants. The plaintiff moved for a new trial upon two grounds; 1st, that the verdict was contrary to the evidence; 2d, that he had discovered material evidence after the trial.
Upon the first ground, it is enough to say that the evidence as to whether Harbour gave the girl to Kerlogue or not, is very contradictory. The juries have found so much difficulty in determining this fact, that there have been several mis-trials. It would be going much farther than this court has ever gone, to order a new trial under such circumstances.
2. The second ground of newly discovered evidence is not sufficiently made out, as set forth in the plaintiff’s affidavit, to authorize a new trial for that cause. The affidavit states, that since the trial the plaintiff has discovered that when Elijah Harbour (the father) put the negro girl into the possession of Kerlogue, he called upon two witnesses to take notice that it was only a loan, and that he can prove this fact by these witnesses; that their residence is distant and he cannot get their affidavits. When we take into consideration that there had *436 been several trials, that Elnah Harbour was in attendance as a witness, that this fact was decisive of the cause, and that if witnesses existed who could prove it, they must have been within the knowledge of Elijah Harbour, whose feelings must be supposed to be strongly interested in the success of the plaintiff’s action, we must either come to the conclusion that there is no truth in the affidavit, or that there has been unpardonable negligence on the part of the plaintiff. We cannot, therefore, on this affidavit, give anew trial. 18 John. Rep. 489.
Judgment affirmed.