ANDREW SPROUL, Appellant, v. THE RESOLUTE FIRE INSUR-
ANCE COMPANY, Respondent.

(GENERAL TERM, SIXTH DISTRICT, MAY, 1869.)

A new trial, on the ground of newly discovered evidence, should not be granted, when such evidence does not go to the merits, and plainly appear to be relevant to some material issue raised by the pleadings; nor when such evidence is cumulative, or only tends to contradict, on a purely circumstantial point, a witness examined on the trial; nor when circumstances show that by greater diligence on the part of the moving party, or his agent or attorney, the evidence is ordinarily discoverable previous to the trial.

Surprise of counsel at the testimony of a witness is not of itself any ground for a new trial.

Case on motion for a new trial on the grounds of surprise and newly discovered evidence criticised, per BALCOM, J.

In an action for a loss under a fire insurance policy, defendant proved at the trial, the unusual position and flaming of a lamp, fifteen days before the fire, as tending to show an attempt, by plaintiff, at that time, to set fire to the premises; a witness then explained that the position and flaming of the lamp were accidental, testifying that he was present at the time, on account of a sick child of plaintiff's, which died a day or two afterward; and defendant, the verdict being for plaintiff, moved for a new trial, on newly discovered evidence that the child, in fact, died some days before the unusual burning or flaming of the lamp referred to.— Held, that the order granting a new trial on this ground should be reversed.

APPEAL from an order granting a new trial on the grounds of surprise and newly discovered evidence. The motion was made on affidavits, and a case which was defective in several particulars. (See opinion.)

The complaint stated a cause of action on a fire insurance policy for $1,200, issued by defendant upon goods and furniture in a grocery store, in the village of Watkins, Schuyler county, and alleged that all the insured property, excepting

about thirty dollars worth, was destroyed by fire ; and that such property was worth more than $1,200, for which sum, with interest, judgment was demanded.  The answer contained denials, admitted notice of the fire and service of proofs of loss, and set up two separate defenses : 1. That the plaintiff started the fire ; 2. That but very few goods were burned.

The jury rendered a verdict for plaintiff, for $1,049.76, and the defendant moved and obtained an order for a new trial on grounds which, so far as the decision on appeal is founded on them, are fully stated in the opinion.  From this order plaintiff appealed.

*J. McGuire*, for the appellant.

*R. H. Marriott* and *Chas. J. Folger*, for the respondent.

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BALCOM, P. J.  Whenever a party moves for a new trial, on the ground of newly discovered evidence, he must present a case containing the evidence given on the trial, or the substance of such evidence, with the affidavits on which he relies.  (See rule 34.)  The evidence, or the substance of it, given on the trial, should be presented, to enable the court to determine whether the newly discovered evidence is cumulative, or material, &c.  (See *People ex rel. Oelricks* v. *Superior Court of New York City*, 10 Wend., 286.)  No such case has been made in this action.

The defendant endeavored to prove on the trial that the plaintiff attempted to set fire to the grocery store, in which the insured goods were situated, by means of a lamp, about fifteen days before the fire that destroyed the goods.  The lamp was found flaming.  The witness, Crum, gave evidence that tended to show that the situation of the lamp was accidental.  He testified he was at the grocery store the evening the lamp flamed and burned unnaturally ; that he was there administering comfort to the plaintiff's family, on account of

Sproul *v.* The Resolute Fire Insurance Company.

a sick child the plaintiff then had, that died in a day or two afterward. The family of the plaintiff lived in the same building in which his grocery was kept. The newly discovered evidence, for which a new trial has been granted, is to establish the fact that the plaintiff's child died some days prior to the unnatural burning or flaming of the lamp that endangered the building fifteen days before the fire occurred that burned the insured property.

Now, the time at which the plaintiff's child died was not material to the issue tried, or to that formed by the pleadings. Evidence to contradict Crum in respect to whether the plaintiff's child was living and sick at the time the lamp flamed, would not go to the merits of the case; and a new trial should not have been granted for newly discovered evidence that the child had died previous to the occurrence of the unnatural flaming of the lamp in the grocery. (See 10 Wend., 292.)

It is impossible to determine, from the appeal papers, whether the case contains all the evidence given on the trial respecting the flaming of the lamp. Whatever evidence there was on that question was given to create the belief that the plaintiff then attempted to burn the insured property, so that it might be regarded as a circumstance against him touching the origin of the fire that burned his goods.

I am of the opinion that the newly discovered evidence, respecting the time at which the plaintiff's child died, is too remote from the issues in the case to warrant the granting of a new trial.

The case does not show the evidence given respecting the quantity of goods burned; but it is asserted in the plaintiff's points that fourteen witnesses were examined, on the part of the defendant, as to the quantity of goods before the fire, and at the time of the fire.

I think it is clear that all the newly discovered evidence on those questions is cumulative, and furnishes no ground for granting a new trial.

The pleadings, case and affidavits, taken together, show that the fire, which the plaintiff claimed to have burned the

insured property, happened in the village of Watkins; that the action was tried in that village, and that the defendant's attorney resided in that village from a period prior to such fire, until after the trial; and that all the witnesses examined on the trial, and, also, those since discovered, reside in that village.

The defendant's attorney affirms, in his affidavit, to the effect that he exercised due diligence in preparing for the trial of the action; that the testimony of Christopher Sharp took him by surprise, and that he was greatly surprised by the testimony given by Sharp, &c. But the evidence of that witness is not set out in the case.

An important, strongly contested case is seldom tried without counsel, on the one side or the other, being more or less surprised by the evidence of some witness; but it does not follow that for such a reason a new trial should be granted.

I think, in this case, greater diligence on the part of the defendant, by some agent or attorney, would have enabled the defendant to discover previous to the trial, as far as is usually discovered, all evidence material to the issues in the action that has been discovered since the trial.

My conclusion is, that sufficient facts were not shown for granting a new trial, on the ground of newly discovered evidence, or for surprise; and that the order granting a new trial should be reversed, with costs, and that the plaintiff should have judgment on the verdict in the action, with costs.

So decided.