# SUPREME COURT.

AMOS F. HATFIELD *et al.* agt. FREDERICK A. MACY and EDWARD MILLER.

*New trial — Newly discovered evidence — Surprise.*

To furnish adequate ground for a new trial, on the ground of "after discovered evidence," the same must have been discovered since the trial, and have been out of the parties' power, by diligence, to have been discovered before.

The want of recollection of a fact, which by due diligence and attention the party might have remembered, is not ground for a new trial.

In order to the granting of a new trial on the ground of *surprise*, the material point, in respect to which the surprise is alleged, must have been of a nature that it could not have been anticipated, and there must have been no want of skill, care or attention.

MOTION for new trial on the ground of surprise and newly discovered evidence.

*W. Watson*, for motion.

*A. R. Dyett*, opposed.

VAN VORST, J. — On the ground of newly discovered evidence, this motion cannot be granted. The fact that the defendant Miller, one of the sureties on the original undertaking, had been excepted to, and that a new undertaking had been given, signed by the defendant Macy and Christian F. A. Dambman, was known to the attorney for the defendants at the time. The defendant Macy must have known it, as he signed both undertakings. The defendant Miller, according

to his affidavit, takes no interest whatever in the matter, and has authorized no proceedings to be taken on his behalf.

The evidence, which is claimed to be new, has not, therefore, been discovered since the trial.

Perhaps the fact in regard to the exception to Miller as surety had been forgotten by both the defendant Macy and his attorney; no allusion being made to such fact in the defendants' answer, nor on the ·trial, it may be reasonably inferred that these facts had faded from their memory.

To furnish adequate occasion for a new trial on the ground of " after discovered " evidence, the same must have been discovered since the trial, and have been out of the parties' power, by diligence to have been discovered before ( *Williams* agt. *Baldwin,* 18 *John.,* 489 ; *Oakley* agt. *Sears,* 7 *Robt.,* 111).

The want of recollection of a fact, which by due diligence and attention the party might have remembered, is not ground for a new trial (*Fleming* agt. *Hollenbeck,* 7 *Barb.,* 271 ; *Chamberlain* agt. *Lindsay,* 1 *Hun,* 231).

Upon these authorities, the defendants are not entitled to a new trial on this ground.

The well recognized rule in regard to granting relief on the ground of " surprise " is equally fatal to the defendants.

In order to the granting of a new trial on the latter ground, the material point in respect to which the surprise is alleged must have been of a nature that it could not have been anticipated, and there must have been no want of skill, care or attention.

The court " will not relieve a party from the consequences of mere ignorance, inadvertence or neglect " (*Hilliard on New Trials,* 521).

From nothing that transpired on the trial would it appear that the defendants or their counsel were at all surprised.

The defense now claimed to exist in their favor, although the facts upon which it rests was known to them, was not even hinted at by the defendants or their counsel on the trial

Hatfield agt. Macy.

On the other hand, as the case shows, the defendants upon the trial "admitted the execution of the undertaking." Such admission, it must be assumed, was made at the time in good faith, and without any ulterior object. But the admission was acted upon by the counsel and the court.

The defense was put upon the distinct ground that this action could not be maintained, on account of the alleged pendency of the appeal in the court of appeals undetermined, and the matters growing out of such appeal and the orders staying proceedings.

The granting of a motion for a new trial rests in the sound discretion of the court. And when I take into consideration that Dambman, the surety on the second undertaking, and who, it seems, was under obligation to indemnify and save harmless the defendant Macy from the judgment, nearly two months after it was recovered, actually paid the judgment, and the same at his request has been satisfied; and that at the time he paid it he was informed, on the behalf of the plaintiffs' attorneys, of the fact that the action had proceeded upon the wrong undertaking, as was claimed by Mr. Watson, and he making no objection to payment on that account; and the further fact that the defendant Miller is practically a stranger to these proceedings, and has not authorized this application, I must conclude that no real injustice or hardship is suffered, and that upon neither of the grounds urged should a new trial be granted.

The motion for a new trial is denied, with ten dollars costs.