# SUPREME COURT.

### Thomas M. Argall agt. Abraham Jacobs *et al.*

*New trial on the minutes and on ground of surprise.*

Where a party moved at the circuit for a new trial on the minutes and on the ground of "surprise:"

*Held,* that under section 1002 of the Code of Civil Procedure the motion could not be heard at the *circuit,* in so far as "surprise" was urged as a ground, but should be brought on at special term.

Section 999 discloses the grounds upon which a new trial may be granted at the circuit.

*Libby* agt. *Strasburger* (14 *Hun,* 120) applied in a case where fraud was charged in contracting a debt claimed to be discharged in bankruptcy.

· Motion for new trial on the *minutes* and upon the ground of surprise made at the term during which the trial was had.

*R. S. Newcombe,* for motion.

*D. C. Briggs,* opposed.

Van Vorst, *J.* — This motion, in so far as it asks for a new trial on the ground of surprise, I think, must be made at special term.

Section 1002 of the Code of Civil Procedure provides, that in a case not specified in the three preceding sections the motion for a new trial must, in the first instance, be heard and decided at special term.

The preceding sections alluded to, do not include a motion for a new trial on the ground of surprise.

· The grounds upon which a motion for a new trial may be

Argall agt. Jacobs *et al.*

urged before the judge who presided at the trial, are stated in section 999, and do not embrace that of surprise.

Upon the question, therefore, of surprise raised by the affidavits I cannot pass.

Upon the trial, when my attention was called to the case of *Libby, Survivor, &c.,* agt. *Strasburger,* [*] I followed what I understood to be the decision of the general term in that case and admitted the evidence of fraud in contracting the debt, which the defendant claimed was discharged by the proceedings and decree in bankruptcy.

The evidence having been submitted to the jury as to this question there is no reason why I should interfere with the verdict so far as it disposes of that subject.

The question as to whether the evidence was admissible under the complaint is an important one and I do not think wholly free from doubt.

The rulings on this subject give occasion to the motion for relief on the ground of surprise.

Upon reflection I think it best to adhere to the rulings on the trial; the question being one of law raised by the defendants' exceptions can be more appropriately disposed of at the general term.

The motion is denied upon grounds not involving the question of surprise.

[*] 14 Hun, 120.