By the Court.—Curtis, Ch. J.
The question is raised, whether the judge who presided at the trial by a jury, can, after judgment, entertain a motion at the trial term for a new trial on the grounds of surprise and newly-discovered evidence.
Section 1002 of the Code of Civil Procedure requires that in a case not specified in the three preceding sections, a motion for a new trial must, in the first instance, be heard and decided at the special term. Motions for a new trial on the grounds of surprise, or newly-discovered evidence, are not specified in the three preceding sections, and consequently can' only be heard at the special term.
The legislature having limited the jurisdiction to hear these classes of motions to the special term, the judge presiding at the trial term was without jurisdiction to hear this motion, unless such jurisdiction was ■conferred by the act of the parties.
There is some conflict in the affidavits submitted, as to whether this objection was taken at the hearing of the motion before the trial judge. Even if the parties had it in their power to give jurisdiction to the trial judge to hear and decide the motion, it should be shown by some act, or stipulation, or recital, in the order appealed from, so that such intention or arrangement should clearly appear, and not come before the court on appeal, to be ■ disputed as a matter of fact.
There are intrinsic difficulties in giving a jurisdic *8 tion to a judicial officer, from which he is limited by statute, and if it can be inferred, from a waiver to object in time, such waiver should not be in itself left, as a question of fact, to be determined from inferences, - or conflicting proofs upon the hearing of the appeal.
The ruling of Yaw Yorst, J., in Argall v. Jacobs, 56 How. Pr. 167, confirms the view that the order appealed from was void for want of jurisdiction of the subject-matter in the judge holding the trial term after the judgment.
The appearance of the appellant before the trial judge, and arguing the motion on the merits alone, was not an act that could confer jurisdiction (People v. Marine Court, Court of Appeals, 3 Abb. Pr. 309).
No case is presented containing the evidence, or its substance, which is a requisite on an application for a new trial on the ground of newly-discovered evidence (Sproul v. Res. Ins. Co., 1 Lans. 71). Having come to the conclusion that the court was without jurisdiction to make the order appealed from, it is unnecessary to consider the case upon the merits.
The order appealed from should be reversed, but without costs to either party, the question being new.
Yaw Yorst, J., concurred.