Thayer Manufacturing Jewelry Company agt. Steinau.

A motion for leave to go to the court of appeals was denied, the chief justice stating: " We think we could not make the certificate which the law requires to send this case to the court of appeals."

---

## SUPREME COURT.

### THE THAYER MANUFACTURING JEWELRY COMPANY agt. ABRAHAM STEINAU.

*Motion for new trial on the judge's minutes —when and where to be made — Practice — Code of Civil Procedure, sections 997, 998, 999, 1002.*

A motion for a new trial, made upon the minutes of the judge presiding at the trial, can only be made before him at the same term in which the trial was had.

For the purposes of such motion, it is not necessary to make a case. The proceedings being fresh, the judge's minutes are presumed to disclose the error, if any exists.

When a motion for a new trial is made at special term, it should be founded upon a case made and settled according to the rules and practice of the court. In no other way can it be well determined by a judge, other than the one who tried the cause, what transpired at the trial and what questions distinctly arose.

An omission to move for a new trial on the minutes during the trial term, under section 999 of the Code of Civil Procedure, cannot be cured by a subsequent direction of the judge before whom the trial was had, after the end of the term, that such motion be made at the special term upon the minutes of the judge who presided at the trial.

*Special Term*, 1880.

*Michael H. Cardozo*, for plaintiff.

*Sandford H. Steele*, for defendant.

VAN VORST, *J.*— The motion for a new trial made upon the minutes of the judge presiding at the trial can only be made before him, at the same term in which the trial was had (*Code of Civil Procedure, sec.* 999).

For the purposes of such motion it is not necessary to make a case. The proceedings being fresh the judge's minutes are presumed to disclose the error, if any exists (*sec.* 998).

In the case under consideration a motion is made at the special term, upon the minutes of the judge who presided at the circuit in January last, for a new trial, upon the ground that the verdict and judgment are contrary to law.

No case has been made. I am persuaded that this practice is irregular and that the proceedings of the trial cannot, in such manner, be reviewed.

It is argued, in support of the practice, that the learned judge before whom the trial was had has so directed.

This direction of the justice was made after the end of the term during which the trial was had. An omission to move for a new trial on the minutes during the trial term, under section 999 cannot be cured by such subsequent direction. When a motion for a new trial is made at special term, it should be founded upon a case made and settled according to the rules and practice of the court. In no other way can it be well determined by a judge, other than the one who tried the cause, what transpired at the trial and what questions distinctly arose (*Code, sec.* 997).

It is suggested by the moving party that section 1002 provides for a contingency upon which a motion for a new trial founded upon an allegation of error in a ruling upon the law, made by the judge upon the trial, may be heard before another judge upon the direction of the trial judge. But there is nothing stated in section 1002 from which it can be inferred that a motion for a new trial can be brought on at special term, otherwise than upon a case, or that the trial judge can, by a direction made by him after the expiration of the trial term, order a motion for a new trial to be heard on his minutes before another judge, as that would be reaching by indirection what cannot be directly done.

Without, therefore, passing upon the question as to whether any error was committed on the trial, and without prejudice to the rights of the moving party to move at special term in the accustomed way upon a case, the present application is denied upon the preliminary objection taken.

As the question is new no costs of this motion are allowed.

---

## SUPREME COURT.

Sarah A. Pursell, respondent, agt. John Fry and another, as executors of Richard Hinds, deceased, appellants.

*Executors — action against — Costs — when allowed and when not — When a legatee under a will competent witness in action against executors to prove employment of plaintiff by deceased father — Statute of limitations — Simple admission by plaintiff of defendant's counter-claim takes a case out of the statute — Married woman — when her earnings belong to her and are recoverable by her.*

In an action by plaintiff, against the executors of her father, to recover for her services performed for the deceased, at his instance and request, on the trial, in support of her claim, she called Mrs. Boyd, one of her sisters, a legatee named in the will of their deceased father, and she gave evidence tending to establish an employment of plaintiff by deceased, and an agreement to pay her wages if she would go to the house of the deceased testator and take charge of the housework and