### RUSSELL *v.* RANDALL.

*(Supreme Court, General Term, Fifth Department. April 11, 1890.)*

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—MOTION.
   A motion for a new trial on the ground of newly-discovered evidence can only be made on a case which presents the evidence, and enables the court to say whether the new evidence is cumulative or not, and whether it will probably change the result of the trial.

2. SAME—AFFIDAVIT.
   An affidavit of the proposed witness not made or entitled in the action, and only a copy of which is attached to the moving papers as an exhibit, cannot be taken either as proof of the facts stated therein, or that the proposed witness would testify to such facts on another trial.

3. SAME.
   Nor could the statements in the affidavit be taken as established by reason of the fact that the affidavit had been the basis of an action for libel, in which defendant pleaded its truth, and had a verdict, it being impossible to say from the verdict whether the jury found the justification established, or that defendant was not chargeable with the publication of the libel.
   CORLETT, J., dissents.

Appeal from special term, Erie county.

Action by Robert P. Russell against Nelson Randall. Plaintiff appeals from an order granting a new trial.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*F. W. Stevens,* for appellant.     *E. C. Randall,* for respondent.

DWIGHT, P. J. The motion upon which the order was made was treated by the learned judge at special term as a motion for a new trial on the ground of newly-discovered evidence; and such it was, to all intents and purposes;

but it was heard without a case to show what evidence was given on the trial already had.   In the opinion at special term, it is said: "It is not cumulative evidence which is proposed to be added to the case, as that has been described by the authorities, but the proposal is to prove distinct and independent matters, in no manner brought before to the attention of the court and jury." The difficulty with this statement is that this court has no means of verifying ·it.   If the judge at special term, being the same who presided at the circuit, relied upon his own recollection of the evidence actually given at the trial, that means of information is not available to the court sitting .in review of the order.   It is not found in the record, and is not subject to correction or review.   It is true, it sufficiently appears that the evidence of the particular witness named in the moving papers was not given on the former trial; but how much other evidence of the same general purport and effect was given, does not appear.   The rule is imperative that a motion for a new trial on the ground of newly-discovered evidence can only be made on a case which presents the evidence given on the first trial; and so enables the court, both in the first instance and on review, to say whether the newly-propounded evidence is cumulative or not, and whether it is, relatively, of such weight and importance as probably to change the result of the trial.   The rule seems to be without exception in practice, and it is embodied in the positive enactment of the Code of Civil Procedure, § 997.

The action was for assault and battery; and the question chiefly litigated, as we may infer from the papers used on the motion, was of the extent of the plaintiff's injuries.   The newly-discovered evidence on that question which is proposed to be added to the defendant's case is that of one Jeanette Stevens, a sister of the plaintiff, to the effect that the latter, with the aid of a physician, before and at the time of the trial, feigned serious injuries which did not exist.   This evidence is propounded by the petition of the defendant used on this motion, to which is attached a copy of an alleged affidavit of Mrs. Stevens.   That affidavit, if made as alleged, seems to have been extrajudicial. It was not made or entitled in this action; and a copy, only, is attached as an exhibit to the moving papers.   In this form, it could be taken neither as proof of the facts stated therein, nor that the proposed witness would testify to such facts on another trial of the action.

There is another feature of the case presented by the moving papers to which importance seems to be attached in the opinion at special term.   It seems that, some time after the affidavit of Mrs. Stevens was made, a copy of it was published in a newspaper of the vicinity, and that, the plaintiff having brought an action of libel against the defendant for such publication, the defendant pleaded in justification the truth of the alleged libel, and had a verdict in the action.   Of this result the opinion at special term remarks that it apparently establishes the truth of the statements made by Mrs. Stevens.   But the pleadings in that action, which are attached to the moving papers in this record, show that the defendant, both by general and specific denial, put in the issue the fact of publication by him, and averred that the alleged libel was published by the procurement and consent of the plaintiff himself.   The verdict was general; and it is, therefore, impossible to say whether the jury found the justification established, or that the defendant was not chargeable with the publication of the libel.   We think the granting of the motion for a new trial, on the papers contained in the record before us, was error for which the order must be reversed, but without prejudice to the defendant's renewal of his motion, on the ground of newly-discovered evidence, on a case made and settled for that purpose.

MACOMBER, J., concurs.

CORLETT, J., (*dissenting.*)   In September, 1881, the plaintiff brought an action against the defendant to recover damages for assault and battery.   Is-

sue was joined, and the case tried in September, 1883, resulting in a verdict of $3,000 for the plaintiff, which was paid in February, 1884. On that trial the plaintiff's contention was that the defendant's assault caused *anchylosis* of the neck, and that the injury was permanent. On the 23d day of November, 1887, Jeanette Stevens, a sister of the plaintiff, made an affidavit to the effect that the extent of the plaintiff's injuries were grossly exaggerated, and that by a conspiracy with two doctors, Simon and Kimball, a gross fraud was perpetrated. This affidavit was published by the defendant in the Northwest Sun, a paper in Pennsylvania, in a village near the defendant's residence. In January, 1888, the plaintiff brought an action of libel against the defendant for publishing that affidavit. The defendant answered the complaint by alleging the same to be true, and by setting up other defenses. A trial of this action was had in Chautauqua county in May, 1889, which resulted in a verdict for the defendant, upon which judgment was entered for costs, which were paid by the defendant in June, 1889. On the 1st day of July, 1889, the defendant presented a verified petition to the supreme court, alleging the above facts, and also stating that the said Jeanette Stevens was sworn as a witness on the trial of the libel action, and testified, in substance, to the matters alleged in her affidavit. The petition further states that the defendant had no knowledge or information of the alleged fraud or conspiracy of the plaintiff at the time of the trial of the assault and battery action. The defendant's attorney also made an affidavit, sworn to on the 10th day of July, 1889, stating why the application for a new trial was delayed until after the trial of the libel action. The plaintiff, by affidavit sworn to on the 27th day of July, 1889, denies fraud and conspiracy on his part. He also gave a history of what he claims occurred on the first trial, and it alleges that he never heard of the charge contained in the petition until shortly after the affidavit of Jeanette Stevens was verified. Neither Simons, Kimball, nor the plaintiff's wife made an affidavit to support the plaintiff's; and the motion for a new trial was heard at special term on the 30th day of July, 1889, before Justice DANIELS, who tried the assault and battery action. He wrote an opinion which appears in the appeal papers. The opinion shows that the new trial was granted on the ground of newly-discovered evidence, which, if true, was not only vital and material to the defendant, but a fraud upon the court.

The learned counsel for the plaintiff insists that a new trial cannot be granted on the ground of newly-discovered evidence without a case showing that it is not cumulative. It is true that this is the general rule, for obvious reasons; but the papers show, with reasonable certainty, that no evidence was given on the trial on the subject of fraud or conspiracy. The defendant's petition shows that he had no information on those matters at the time of the trial. The plaintiff's affidavit not only omits to deny this allegation, but it alleges that he never heard anything on that subject until after the affidavit of Jeanette Stevens. It is obvious, therefore, that no evidence could have been given on that subject on the assault and battery trial, as neither of the parties ever heard of it until long afterwards. The object of a case is to show what occurred on the trial; but, when it affirmatively appears that both parties agree that no evidence of the kind for which a new trial is granted was given, a case would be useless. It does not appear that any objection was made at the hearing of the motion on that ground. It was, therefore, waived, even if it would be material if taken. *In re New York, W. S. & B. R. Co.*, 35 Hun, 575; *In re Cooper*, 93 N. Y. 507. Where specific objections are made, all not specified are waived. *Marston* v. *Gould*, 69 N. Y. 220. The reverse is true when the objection is general. All errors are waived except such as could not be obviated. *Quinby* v. *Strauss*, 90 N. Y. 664. The verdict in the libel case may have been reached on some ground not involving the truth of the alleged libel; but the defendant's petition shows that Jeanette Stevens was sworn as a witness on the libel case, and gave evidence tending to show the truth of

her affidavit. The plaintiff does not deny this. There is some evidence, therefore, tending to show that the verdict was based upon the justification contained in the answer. Aside from this, the plaintiff's omission to corroborate his affidavit by those who attended him, and were in a position to know what occurred, is a circumstance entitled to weight. The conclusion of the justice at special term that a new trial should be granted was sufficiently supported. The proposition is to prove independent matters in no way brought to the attention of the trial court. *Silver-Plate Co.* v. *Barclay*, 48 Hun, 54. Under all the circumstances, the application for a new trial was made at the earliest opportunity. A motion for a new trial is always addressed to the sound discretion of the court. *Platt* v. *Munroe*, 34 Barb. 294; *Carpenter* v. *Coe*, 67 Barb. 411.

The remarks of the court in the opinion at special term as to what occurred at the trial are not material. The court does not mention what occurred at the trial as the basis upon which he grants the application, but as a mere historical reference as to what took place when the case was tried before him. The ground of the decision is based exclusively upon the papers before him on the motion.

The learned counsel for the plaintiff suggests that the words in the order, that a new trial is granted upon the ground of fraud, would amount to an adjudication against the plaintiff on another trial. This is a misapprehension. The order cannot be treated as an adjudication on the merits. If the form of the order is such that it may be prejudicial to the plaintiff, no reason is seen why application could not be made to the justice granting it for a proper settlement. The order should be affirmed, with $10 costs and disbursements.