ROBERT P. RUSSELL, Respondent, *v.* NELSON RANDALL, Appellant.

Notwithstanding the provision of the Code of Civil Procedure (§ 997), requiring a motion for a new trial to be founded upon a case, where such motion is made upon the ground of newly-discovered evidence, and the parties consent that it may be heard upon the pleadings and affidavits, without a case, the court has power to entertain it.

Where the opposition to such a motion was based solely upon counter affidavits, denying the truth of the newly-discovered evidence and alleging *laches* in making the motion, and no question was raised as to the necessity of moving upon a case, or claim made that the newly-discovered evidence was cumulative, irrelevant or unimportant, or that if true it would not justify a verdict for the moving party upon another trial, *held*, that this was a waiver of the objection that the proper practice had been departed from; and that the objection could not be raised upon appeal from an order granting the motion.

Where such an order was reversed by the General Term upon the ground that the motion could only be made upon a case, and the order of the General Term stated that the reversal was upon a question of law, *held*, that the latter order was reviewable here.

(Argued October 6, 1890; decided December 2, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made March 25, 1890, as amended by order of said court, made the first Tuesday of June, 1890, which reversed an order of Special Term vacating a judgment in favor of defendant and granting a new trial.

The facts, so far as material to the question discussed, are stated in the opinion.

*Edward C. Randall* for appellant. The object and the only object of a "case" on a motion of this character is to show what did appear on the trial, so that it may readily appear that the proposed new evidence is not cumulative. (*Markwold* v. *N. Co.*, 8 Hun, 547; *Schwartz* v. *Webber*, 103 N. Y. 658; *Sistaire* v. *Olcott*, 22 N. Y. S. R. 564; *W. S. P. Co.* v. *Barclay*, 48 Hun, 56; *Platt* v. *Monroe*, 34 Barb. 269.)

A motion for a new trial on the ground of newly-discovered evidence should ordinarily be made on a "case," but there are exceptions, and this is one of them. (*In re W. S. R. R. Co.*, 35 Hun, 577, 579; *Cohn* v. *Goldman*, 76 N. Y. 287; *Lee* v. *Tillotson*, 24 Wend. 337; *Embury* v. *Connor*, 3 N. Y. 511; *In re Cooper*, 93 id. 507; *N. Bank* v. *Kidder*, 18 J. & S. 246; *Crowford* v. *Lockwood*, 9 How. Pr. 547; *Wheelock* v. *Lee*, 74 N. Y. 495; 1 Rumsey's Pr. 655, 656; *Tyler* v. *Whitney*, 12 Abb. Pr. 465; *Richards* v. *Allen*, 3 E. D. Smith, 399; *Mayor, etc.*, v. *Lyons*, 1 Daly, 296; *Marston* v. *Gould*, 69 N. Y. 220; *Quimby* v. *Strauss*, 90 id. 664.) The Code of Civil Procedure does not limit the time to move to set aside a final judgment on the ground that it was obtained by fraud. No limitation, however long, is placed on such action. (*Foot* v. *Lathrop*, 41 N. Y. 359; *In re Tilden*, 98 id. 444; *Hurlbert* v. *Coleman*, 43 Hun, 586; *Dobson* v. *Pierce*, 12 N. Y. 157; *Ross* v. *Wood*, 70 id. 9; Baylies on N. T. & App. 524–530; *Powell* v. *Jones*, 42 Barb. 24; *Parshall* v. *Klink*, 43 id. 203; *Raphelsky* v. *Lynch*, 2 J., S. & P. 31; 43 How. Pr. 157; 12 Abb. [N. S.] 224; *Adams* v. *Bush*, 2 id. 112.)

*Frank W. Stevens* for respondent. The appeal should be dismissed. (*Gray* v. *Fisk*, 53 N. Y. 630; *Livermore* v. *Bainbridge*, 56 id. 72; *Harris* v. *Burdett*, 73 id. 136.) The motion for a new trial should be denied, because there is no case. (Code Civ. Pro. § 997; 7 Wend. 331; *Sproul* v. *T. R. F. Ins. Co.*, 1 Lans. 71; *Leavy* v. *Roberts*, 8 Abb. Pr. 315; *Warner* v. *W. T. Co.*, 5 Robt. 499; 2 Rumsey's Pr. 413; Baylies on N. T. & App. 524.) A case was not waived by the plaintiff. (7 Wend. 331.) The order of the General Term is not appealable to this court, as it does not affect any substantial right of the defendant. (*Arthur* v. *Griswold*, 60 N. Y. 143; *Whitney* v. *Townsend*, 67 id. 140.)

RUGER, Ch. J. This appeal is taken from an order of the General Term reversing an order of the Special Term vacating a judgment and granting a new trial upon the ground of

newly-discovered evidence. The decision of the General Term is stated to have been based upon a question of law, and it so appears from the order of that court reversing the order of the Special Term.

The reversal proceeded upon the ground that the Special Term had no power to make an order for a new trial for newly-discovered evidence except upon a motion founded upon a case, and section 997 of the Code of Civil Procedure is referred to as authority for this position. It thus appears that the General Term has not passed upon the merits of the application, but has reversed the Special Term upon the ground of its want of authority to entertain the motion in the absence of a case. Such an order is reviewable in this court.

The question presented is whether the General Term were authorized to reverse the order of the Special Term upon the plaintiff's appeal for the sole reason that the defendant had not prepared and served a case, and based his motion for a new trial thereon. No question was raised at the Special Term as to the correctness of the defendant's practice in presenting his motion upon affidavits to that court, and the question was raised for the first time by the plaintiff at General Term. It is altogether probable if this point had been raised at Special Term, and any necessity for a history of the proceedings of the trial had appeared to that court, it would have ordered a case to be made under section 997 of the Code; but no such point was taken, and the motion was heard without objection upon the pleadings in the action, and the affidavits of the parties relating the history of the trial. Notwithstanding this section, we think the parties have the right to stipulate as between themselves what questions they will raise on the hearing of a motion, and when they agree upon the points upon which it shall be decided, their agreement becomes the law of the case. It is obvious from the affidavits and papers presented that the plaintiff chose to rest his defense to the motion wholly upon denials of the truth of the newly-discovered evidence and laches in making the motion, and not at all upon the ground that it was cumulative, irrelevant or

unimportant, or any ground requiring a history of the case to be presented. An application for a new trial upon the ground of newly-discovered evidence is peculiar in its nature, and, unlike other motions for new trials, depends mainly upon extrinsic facts, and not upon errors committed upon the trial. It must, therefore, necessarily be founded in part, if not wholly, upon affidavits and other proof. There is no other mode of bringing the material facts involved in such a motion, viz.: The existence of newly-discovered proof; the time and circumstances of its discovery; the names of the witnesses by whom it is to be established, and the exercise of diligence in making it, before the court. The character of other facts which may be important in considering the motion, such, for instance, as whether the evidence is cumulative or relevant, or will be likely to change the result on a new trial, may be made to appear by a case, but they can, also, in many cases, be sufficiently shown by affidavit, and when the parties consent to have the motion heard on such papers there would seem to be no good reason why the court should not entertain it. It would, therefore, seem that such a motion can never be made upon a case alone, but it may be fairly presented upon affidavits alone, if the parties elect so to do.

It seems to us that the facts bearing upon the questions involved in this motion were sufficiently disclosed by the pleadings in the action, and the affidavits of the parties used on the motion, to enable the court to determine the questions involved justly and intelligently. The plaintiff produced and read his own affidavit, meeting the motion on the merits and controverting the facts upon which it was based. He made no claim that the newly-discovered evidence was cumulative or immaterial, or, if true, that it would not justify a verdict for the defendant on another trial, but submitted the question upon certain specific questions, which involved mainly the question of credibility between the respective parties. He denied fraud and collusion, and attempted to evade the effect of the judgment subsequently obtained against him by the defendant, but made no effort to show that the newly-discovered evidence

was, in any view, unimportant, irrelevant or objectionable, except so far as his own evidence showed it to be false. We think it would be contrary to the settled practice of the courts for a party, on the hearing of such a motion, to suppress his real objections to the proceedings, and then permit him to raise them for the first time in the appellate tribunal.

We think it is too late for the party to go on and take the chances of a favorable result upon even irregular papers and after being disappointed in his expectations, as to the result, to have another chance, because the proper practice has been departed from. (*Matter of Cooper*, 93 N. Y. 507.) *Consensus tallit errorem.*

The merits of this motion are not before us for consideration or review, and the determination of the General Term is substantially equivalent to the expression of an opinion that no reason is apparent, upon the facts, for reviewing the decision of the Special Term, and we, therefore, do not attempt to comment on facts which were exclusively for the consideration of the courts below. The decision of the General Term having proceeded upon a ground which had been substantially waived by the plaintiff, we think it erred in permitting him to take advantage of an irregularity which he had waived on the hearing.

The order of the General Term should, therefore, be reversed, and that of the Special Term affirmed, with costs.

. All concur.

Ordered accordingly.