### KATZ *et al. v.* ATFIELD.

*(City Court of New York, General Term.* December 17, 1891.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—MOTION AT TRIAL TERM.

On a motion made at trial term under Code Civil Proc. § 999, for a new trial on the judge's minutes, the court has no power to grant a new trial on the ground of newly-discovered evidence, as section 1002 provides that a motion on such a ground must be made at special term.

Appeal from trial term.

Action by Bernard Katz and others against Catharine Atfield. Plaintiffs moved for a new trial. Motion granted. Defendant appeals. Reversed.

Argued before VAN WYCK and FITZSIMONS, JJ.

*E. W. S. Johnston,* for appellant. *Henry Daily, Jr.,* for respondents.

VAN WYCK, J. This cause was tried at trial term before judge and jury, and resulted in a verdict of $30 for plaintiffs; whereupon plaintiffs' counsel immediately moved to set aside the verdict upon all the grounds stated in section 999 of the Code, which was denied and excepted to on April 21st, the day of trial. Two days thereafter plaintiffs obtained from the judge who had presided at the trial an order for defendant to show cause on the next day before him, at the trial term, why the motion for a new trial should not be reargued, and a new trial granted on the judge's minutes, or for such other and further relief, etc., and recited: "It is further ordered that the plaintiffs have leave to use, on the argument of the motion, such further material and affidavits as they may be advised, copies thereof to be served on defendant," etc. On the return of this order to show cause, and the hearing of the motions thereby noticed, the plaintiffs were allowed to use and read an affidavit made by their agent, setting forth that since the trial he had found certain receipts which would prove the delivery of the goods the price of which was sued for, and that he had since found the address of one of plaintiffs' drivers who could give evidence of such delivery at a new trial herein; and that he is informed and believes that the signatures to said receipts were signed by the defendant's intestate, and that it can be so established "at the trial of this action." This seems to have been an ingenious effort to turn a motion to reargue and rehear the motion to set aside the verdict on the judge's minutes into a motion for a new trial on the ground of newly-discovered evi-

dence; and that such effort was successful is clearly evidenced by the recitals in the order which was entered upon the decision granting the motion, and which is the order granted on May 21st, and from which defendant takes this appeal; for this order recites—*First,* that a motion was made on the day of trial, upon the judge's minutes, which was then denied; and, *secondly,* that "a motion having been made before said justice on April 24th for reargument of said motion, and why a new trial should not be granted on said grounds, and on the further ground of newly-discovered evidence;" and it further recites that on reading and filing the order to show cause of April 21st, and the affidavit of Ike Kind, (the plaintiffs' agent above referred to,) verified on May 4th, "in support of said motion for a new trial," and continues: "It is ordered that said motion for a new trial herein be, and the same is hereby, granted. It is further ordered that said verdict be set aside, and a new trial had herein." It would seem that the trial judge had heard, considered, and determined the motion as one for a new trial, on the ground of newly-discovered evidence, and that plaintiffs' counsel had so intended that he should; for the affidavit of Ike Kind was drawn and presented by him, and so, too, the final order appealed from, which contains the recitals as above described. For the purpose of this hearing, the order appealed from must be considered as an order granting a new trial on the ground of newly-discovered evidence; and thus is reached the consideration of the question whether it is proper to make such a motion at trial term, or whether such application should have been made at the special term. The court had no power, upon a motion for a reargument of the motion by the plaintiffs for a new trial, under section 999 of the Code, to grant an order for a new trial on the ground of surprise and newly-discovered evidence; and the court at trial term had no power to grant an order for a new trial upon these grounds. The Code is specific upon this question, and a reference to section 1002 thereof will show that the motion must be made at special term, and not at trial term, as it was. It must also be made upon a case prepared and settled. The supreme court in *Argall* v. *Jacobs,* 21 Hun, 114, affirmed in 87 N. Y. 110, held that a motion for a new trial on the ground of newly-discovered evidence cannot be made on the judge's minutes. The court says, in respect to a motion to set aside a verdict on the ground of surprise: "It is sufficient to say that the learned judge who held the circuit was right in holding that he had no right to entertain a motion of that kind at circuit." And section 1002 of the Code prescribes, in substance, "that, in a case not specified in the three preceding sections, a motion must in the first instance be heard and decided at special term." In *Newhall* v. *Appleton,* 46 N. Y. Super. Ct. 6, the court says: "A motion for a new trial, on the ground of surprise or of newly-discovered evidence, must be made at special term." The Code is not changed in the old provision requiring a motion of this kind to be made on a case at special term, which case should show all that transpired at the trial. *Sproul* v. *Insurance Co.,* 1 Lans. 71. In *Russell* v. *Randall,* (Sup.) 9 N. Y. Supp. 327, the court (DWIGHT, P. J.) says: "Where it is imperative that a motion for a new trial on the ground of newly-discovered evidence be made, it can only be made on a case which presents the facts given on the first trial, and so enables the court, both on the first instance and on review, to show whether the newly-propounded evidence is cumulative or not, and whether it is relatively of such weight and importance as probably to change the result of the trial. The rule seems to be without exception in practice, and it is embodied in positive enactment in Code Civil Proc. § 997." In this case, as in the case at bar, the motion was not made in a case prepared and settled, and the court says "that the judge at special term, being the same who presided at the circuit, relied upon his own recollection of the evidence given at the trial. That means or information is not available to the court sitting in review of the order. It is not found in the record, and it is not subject, of course, to re-

view;" and the court reversed the order granting the motion for a new trial. The decision at trial term of the case of *Argall* v. *Jacobs*, as reported in 56 How. Pr. 167, shows that the motion was made at the term during which the trial was held, "on the minutes and upon the ground of surprise;" and that the trial judge distinctly stated that a motion for a new trial, on the ground of surprise, must be made at special term. The order appealed from should be reversed, with $10 costs; but, that none of plaintiffs' rights may be disturbed, leave is given them to apply at special term upon a case made and settled, and upon affidavits, if so advised, for a new trial upon the ground of newly-discovered evidence, or upon such other grounds as they may be advised, and as the special term may have authority to pass upon.