DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.

FREDERICKA BANTLEON, Respondent, *v.* ELIZABETH MEIER, Appellant, Impleaded with Another.

*Appeal from an order of a County Court granting a motion for a new trial — discretionary power — when the questions of fact will not be reviewed — Code of Civil Procedure, §§ 999 and 997 — new trial not granted unless a case has been made and settled.*

Where the motion for a new trial of an action, made in a County Court before which the trial took place, is made on the ground of newly discovered evidence, and not on any of the grounds specified in section 999 of the Code of Civil Procedure, the questions of fact presented on the trial are not before the General Term of the Supreme Court upon an appeal from an order granting the new trial on the ground of newly discovered evidence, and the power of the County Court in that respect being discretionary, its exercise is not reviewable upon appeal.

Section 997 of the Code of Civil Procedure, in its application to a motion made for a new trial of an action upon the ground of newly discovered evidence, is declaratory of the practice as it existed before the enactment thereof, and a motion for a new trial on such ground cannot be granted if the person moving for the same has not made a case and procured the same to be settled.

Unless objection is taken to the granting of such an order, upon the hearing of the motion therefor, on the ground that the party moving for the same has not made a case and procured the settlement thereof, such objection is waived and is not available upon an appeal from the order granting such motion.

APPEAL by the defendant, Elizabeth Meier, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 15th day of May, 1894, granting

the plaintiff's motion for a new trial of the action on the ground of newly discovered evidence.

*H. G. Pierce,* for the appellant.

*J. P. Varnum,* for the respondent.

BRADLEY, J. :

The motion was heard by the County Court, and upon the decision judgment was entered dismissing the complaint, with costs against the plaintiff. Afterwards the plaintiff, upon affidavits, depositions taken pursuant to order of the court before a referee, the judgment roll and proceedings in the action, moved for a new trial upon the ground of newly discovered evidence, and the motion was granted.

When the motion came to hearing the defendant made preliminarily the objection to its being heard that no case had been served. The objection was overruled and exception taken.

As the motion for the new trial was not within those mentioned in section 999 of the Code of Civil Procedure, the questions of fact presented on the hearing are not here for consideration (Id. § 1340), and the power of the County Court in that respect is discretionary and its exercise not reviewable upon this appeal. (*Tucker* v. *Pfau*, 70 Hun, 59.) The question is whether the court erred in entertaining and determining the motion on the merits without a case.

The statute provides that where a party intends to move for a new trial of an issue of fact "he must, except as otherwise prescribed by law, make a case and procure the same to be settled." (Code Civ. Proc. § 997.) Our attention is called to no law which relieves a motion like the one in question from the operation of that rule. It was so held by this court in *Russell* v. *Randall* (30 N. Y. St. Repr. 453). The statute in its application to such a motion is declaratory of the practice as it before then existed. (*Anon.,* 7 Wend. 331; *Warner* v. *Western T. Co.,* 5 Robt. 499.) And the statute is founded upon a substantial reason having relation to the consideration of such motions on the merits.

In reviewing the decision of the court in *Russell* v. *Randall* (123 N. Y. 436) the Court of Appeals, recognizing the rule to be as above stated, held that, by the omission to raise the question on the

hearing of the motion, the objection was waived and not available on review. The objection was distinctly and in due time taken in the present case, and it was not obviated or waived by the fact that the defendant contested the motion on the merits without further objection taken in the later stage of the hearing of it.

In *Michel* v. *Colegrove* (46 N. Y. St. Repr. 899) the motion upon the like ground was denied with leave to renew. Whether the plaintiff may have such opportunity is a question for consideration in the County Court only.

The order should be reversed, without prejudice, etc.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order of the County Court of Monroe county appealed from reversed, with ten dollars costs and disbursements, without prejudice to a renewal of motion in the County Court.