(11 Misc. Rep. 357.)

## BOYD v. BOYD.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. APPEAL—REVIEW—ORDER GRANTING NEW TRIAL.
    An order of the general term of the city court of New York affirming an order granting a motion for new trial is reviewable by the court of common pleas where a reversal is sought solely on the ground that the court below had no power to make the order appealed from.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—SETTLED CASE.
    A motion for a new trial on the ground of newly-discovered evidence can be made only on a case settled and signed as required by Code Civ. Proc. § 797.

Appeal from city court, general term.

Action by David Boyd, as administrator of Samuel Boyd, deceased, against Robert Boyd, on a judgment. From an order of the city court (31 N. Y. Supp. 193) affirming an order granting defendant's motion for a new trial on the ground of newly-discovered evidence, made after direction of a verdict in favor of plaintiff for $3,010, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Edward W. S. Johnston, for appellant.
Henry Daily, Jr., for respondent.

GIEGERICH, J. The reversal of the order appealed from is sought solely on the ground that the court below had no authority to make the same. Under these circumstances, we think the order should be reviewed in this court. Russell v. Randall, 123 N. Y. 436, 438, 25 N. E. 931. It is urged by the appellant that the court below had no power to entertain the motion, because it was not made upon a case proposed and settled. The rule must be regarded as well settled that, where a motion for a new trial is based upon the ground of newly-discovered evidence, a case must be made, and the motion will not be heard upon affidavits only. Code Civ. Proc. § 997;

Anon., 7 Wend. 331; Sproul v. Insurance Co., 1 Lans. 71; Leavy v. Roberts, 8 Abb. Pr. 315; Warner v. Transportation Co., 5 Rob. (N. Y.) 499; Russell v. Randall (Sup.) 9 N. Y. Supp. 327; Id., 123 N. Y. 436, 25 N. E. 931; Michel v. Colegrove (Super. N. Y.) 19 N. Y. Supp. 716; Holmes v. Evans (Super. N. Y.) 13 N. Y. Supp. 610; Jewelry Co. v. Steinau, 58 How. Pr. 315; Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706; 2 Rumsey, Prac. 413; Baylies, New Trials, 524. Section 997 of the Code provides that, where a party intends to move for a new trial of an issue of fact, "he must, except as otherwise prescribed by law, make a case, and procure the same to be settled and signed, by the judge or referee, by or before whom the action was tried, as prescribed in the general rules of practice." We have not been referred to, nor are we aware of, any other provision of law, and we therefore conclude that the above are the only ones which apply to the question under consideration. These statutory provisions are declaratory of the practice as it existed before either Code went into effect; and it was held in Bantleon v. Meier, supra, that they are imperative, and that there was no provision of law which relieved a motion of this character from the operation of these provisions of the Code, unless, as was the case in Russell v. Randall, supra, the motion was heard without objection upon the pleadings in the action, and the affidavits of the parties relating to the history of the trial. In the case before us the appellant, at the very outset, took the same position as contended for by him upon this appeal, and maintained it throughout the entire proceeding in the court below; and, when the motion came on for hearing, he filed an affidavit protesting against the hearing of the motion, on the ground, among others, that it was not made upon a case prepared and settled in conformity with the provisions of section 997 of the Code. It thus clearly appears that the appellant at all times insisted upon his legal rights, which he did not, in our opinion, waive for the reason assigned by the general term of the court below upon affirming the order, viz. that the appellant did not dispute, and the judge who tried the cause asserted, the correctness of the transcript of the entire evidence and proceedings taken at the trial, which formed part of the motion papers, this being deemed "a sufficient settlement, under the peculiar circumstances of the case."

There is no suggestion here that a case was made, and was settled and signed by the trial judge, in conformity with the general rules of practice (in fact, there was no signature at all of the trial judge); nor that the appellant consented to a settlement of a case; nor that the appellant consented to have the motion heard upon the papers which were read in support of the motion. In the absence of either of these elements, we conclude, in the light of the above-cited provisions of the Code, the general rules of practice (rules 32–34), and the decisions construing the same, that the court below had no authority to entertain the motion, and hence the order was unauthorized. In arriving at this conclusion, we deem it meet and proper to state that we have not overlooked the dictum in Russell v. Randall, 123 N. Y. 438, 439, 25 N. E. 931, that the necessity for a history of the proceedings must appear to the court; but that we

base our decision solely upon the requirements of section 997 of the Code, which, in our opinion, alone govern applications for a new trial upon newly-discovered evidence. There were other points urged by the appellant, but, in view of the opinion above expressed, we are dispensed from consideration of the same. For these reasons. the order appealed from should be reversed, with costs, but with leave to renew upon payment of the costs of both appeals. All concur.