### HARRIS v. GREGG.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

NEW TRIAL—WHEN CASE IS NECESSARY.

 A motion for a new trial on the ground of newly-discovered evidence, or on the ground that on all the evidence the court improperly directed a nonsuit, must be made on a case and exceptions. Bantleon v. Meier, 30 N. Y. Supp. 706, 81 Hun, 162, followed.

Appeal from county court.

Action by John L. Harris against David Gregg, as committee of the estate of Amasa N. Gregg, an incompetent person. From an order granting a motion for a new trial after a judgment in favor of defendant, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

J W. Atkinson, for appellant.

Thomas O'Connor, for respondent.

PARKER, P. J. If the motion for a new trial is to be deemed made upon the ground of newly-discovered evidence, it is clear that

it should have been made upon a case. Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706, is a plain authority to that effect. The appellant urged that objection upon the motion, and it seems to us to have been well taken. If we consider the motion made upon the ground of surprise, a case was not needed. Such a motion may be made without a case, and upon affidavits. Code, § 998. But the affidavit upon which the motion is founded does not present facts sufficient to warrant the granting of a new trial upon that ground. A careful reading of the affidavit will disclose that fact, and an analysis of its defects is not necessary. In re Ramsdell, 3 N. Y. Supp. 499; Anderson v. Bank, 66 How. Prac. 8; Jackson v. Roe, 9 Johns. 77; Hatfield v. Macy, 52 How. Prac. 193. Moreover, the motion was not granted on any such grounds. The opinion of the county judge shows that upon the trial before him plaintiff had sought to recover on the ground that he and defendant were tenants in common of the crops sued for. That claim the county judge had overruled, and nonsuited the plaintiff. Upon the argument of this motion he seems to have reached the conclusion that they were tenants in common, and that, therefore, the "plaintiff actually had a cause of action which had miscarried." Upon that ground he grants a new trial. In effect, that is granting a new trial for the reason that upon all the evidence the nonsuit was improper. Clearly, in such a case, the motion could be made only upon a case and exceptions. Code, § 997. This case cannot be considered as a motion on the judge's minutes, because such a motion must be made at the time of the trial. Code, § 999. And at the close of the trial such a motion was not made, but, on the contrary, time was given the plaintiff to make a case. The appellant urged those objections on the motion, and they should have prevailed.

Order of the county court reversed, with $10 costs and disbursements, without prejudice to plaintiff's making a motion in the county court for a new trial upon the proper papers. All concur.