## SUPREME COURT.

JOHN A. STITT agt. NICHOLAS D. ROWLEY and WASHINGTON ROWLEY.

On a motion for a *new trial* at special term, upon a case, the suscessful party is entitled to costs: "Before argument $20. For argument $40. (*This agrees with the next preceding case of Selover* agt *Wisner.*)

*Chemung Special Term, April,* 1869.
MOTION for retaxation of costs.

——————*for plaintiffs.*
——————*for defendants.*

BOARDMAN, J. This is a motion for a retaxation of costs, and that the clerk allow the defendants $20 before argument, and $40 for argument on a motion for a new trial at a special term upon a case.

The conflicting decisions, prior to the amendment of § 307, sub. 5, in 1862, except the case of *Jackett* agt. *Judd,* (18 *How.,* 385) give no aid in deciding the question under consideration, since the allowance, whether given or rejected, had no relation to the ground on which it is here claimed. In *Jackett* agt. *Judd,* the construction given § 307, corresponds exactly, with the subsequent amendment; but Justice MARVIN, holds that only $10 costs can be taxed on the motion for a new trial at special term on a case, because, in no sense is such a motion a trial of an issue of law. He overlooks the fact that his subsequent construction of the section makes the costs claimed allowable, not as the trial of an issue of law, but because the same costs must be allowed as are provided for on the appeal, indicated in that section. The case of *Lawrence* agt. *Smith,* (18 *Abb. Pr. R.,* 197) follows the above authority and rests entirely upon it. Both cases were decided at special term.

In *Scudder* agt. *Gori*, *(28 How., Pr. R.,* 155; *S. C.,* 3 *Robt. R.,* 629 *and* 18 *Abb.,* 207) the opposite view is taken and such costs are allowed.   The reasoning in this last case satisfies my judgment.   The section gives to either party on appeal, with certain exceptions, before argument $20, for argument $40, and the same costs are then granted in four other cases.

1st.  On application for judgment upon special verdict.

2d.  Upon application for judgment upon verdict, subject to the opinion of the court.

3d.  Upon application for a new trial on a case made.

4th.  In cases where exceptions are ordered to be heard in the first instance at a general term.

In the 1st and 3rd cases, the application must be made at special term, in the other two cases it must be made at the general term.   In the last case, all practitioners agree that costs as claimed, must be allowed.   Yet it is not an appeal, but simply a motion as in the present case.   The authority for taxing the costs as of an appeal, is derived from this section of the Code.   Its force applies equally to each subdivision named above.   If in any one $10 motion costs alone can be allowed, it must be true of all.

Such is the view taken by works on practice.   (2 *Whittaker, Pr.,* 951; 2 *Tiff. & Smith,* 433; 2 *Tilling. & Shearman,* 640 *and note.   See also, .Warner* agt. *West. Trans. Co.,* 5 *Robt.,* 490, *where the same view is obscurely taken).*

I have consulted Mr. Justice PARKER, who concurs in this view, but has never had occasion to decide the question formally.

The motion is accordingly granted with $10 costs, and the clerk is directed to re-adjust the costs in accordance with the views by me expressed.

The foregoing opinion having been examined by Justice BALCOM, he concurs in it for the reasons contained in his opinion in *Selover et. al:* agt. *Wisner, ante page,* 176.