ATKINSON v. TRUESDELL.

*(Superior Court of New York City, General Term.   November 22, 1889.)*

COSTS—ALLOWANCE—NEW TRIAL.

   The criterion to determine whether a party is entitled to costs under Code Civil Proc. N. Y. § 3251, providing that the successful party on a motion for a new trial on a "case" shall have costs in the same sum as on appeal, is whether the motion is made on a "case," and where neither the order to show cause on which a motion for a new trial was made, nor any of the papers used on the motion, are presented to the court on appeal from an order resettling costs, a recital therein that the motion made, and which was decided, was for a new trial on a "case," is conclusive.

Appeal from special term.

Motion by plaintiff, Joseph Atkinson, to resettle costs of motion for a new trial, made by defendant, Titus B. Truesdell. From an order granting plaintiff's motion, defendant appeals. For former litigation between same parties, see 6 N. Y. Supp. 509.

Argued before TRUAX and INGRAHAM, JJ.

*Edward P. Wilder,* for appellant.   *Samuel W. Weiss,* for respondent.

INGRAHAM, J.   The order appealed from resettles an order granted at special term denying defendant's motion for a new trial on the case, etc., by striking

out from said order the words "$10," leaving in lieu thereof a blank space, wherein the clerk may, after taxation, insert the amount of statutory costs allowed on a motion for a new trial on the case by the Code; and the only papers presented to the court on this appeal is the order of March 29, 1889, which recites that a motion was made by defendants for a new trial upon the case herein made and settled, on the ground that the trial court permitted an erroneous rule of damages to be applied by the jury on the trial of the case; and that the verdict is against evidence, and the weight of evidence, and excessive; and that the verdict be set aside, and a new trial granted, upon alleged newly-discovered evidence; and orders that the said motion be denied, with $10 costs, to be paid by the plaintiff to defendant; the notice of application to resettle that order; affidavits submitted to the court upon such motion for resettlement; and the order appealed from resettling the order denying the motion; and the bill of costs as taxed by the clerk. Neither the order to show cause upon which the said motion for a new trial was made, nor any of the papers used on such motion, are presented to the court on this appeal; nor does it appear upon what ground the motion for a new trial was made, except by the recitals of the order, or upon what ground it was disposed of by the court. It is clear, therefore, that there is nothing before this court to show that the order appealed from was erroneous. By section 3251 of the Code it is provided that the costs awarded to a party to an action must be at the following rates: To either party, upon a motion for a new trial upon a case, or an application for judgment upon a special verdict, the same sum as upon an appeal. The criterion to determine whether a party is entitled to costs under this subdivision is whether the motion for a new trial is made upon a case, and the order of the court in this action recites that the motion made, and which was decided, was for a new trial upon a case. The respondent was therefore entitled to the costs allowed by the chief judge upon the record as it appears before us. The affidavit used on behalf of the defendant says that the motion for a new trial was not made at the term at which the case was tried, or before the time in which the defendant could take an appeal from the judgment had expired, and therefore, under section 1002 of the Code, could not be made upon a case. But the motion was made by the defendant upon a case, and was decided by the court, and it is upon the motion as made that the costs are allowed. The case of *Forstman* v. *Schulting*, 38 Hun, 485, does not apply, as it does not appear that the motion discussed in that case was made upon a case, but it appears from the opinion of the presiding justice to have been made upon the ground of what the court there calls "newly-discovered law." On the record before us the respondent was entitled to the costs allowed by the resettlement of the order, and the order appealed from should be affirmed, with costs and disbursements.