let him off, and was holding on with one hand, and was standing on one foot, preparatory to getting off. when he fell, the fall, as he alleged, being due to the starting of the car at an increased rate of speed before he could alight, the question of his contributory negligence is for the jury." Linch v. Traction Co., 25 Atl. 621, 153 Pa. St. 102.

"The plaintiff started to leave the car as soon as the train stopped at the station. When she reached the platform, she found that the train was moving, and she fell off, and was injured. The brakeman who should have been at the platform assisting passengers to alight had run forward, and given the signal to start. Held, that the company was guilty of negligence." Leggett v. Railroad Co. (Pa. Sup.) 21 Atl. 996.

It was held in the case last cited as follows:

"It is proper to instruct the jury that, while it is negligence per se for a passenger to alight from a moving train, yet if the defendant did not stop at the station a sufficient time to enable plaintiff to alight with safety, and she left the car with reasonable expedition and care, and did not discover that the train was in motion until she came to the steps of the platform, and was descending them, then her position of danger was occasioned by the negligence of the defendant; and if the danger was so sudden that she had no time to deliberate and choose between the danger of remaining on and stepping off, and under all the circumstances she acted according to her best judgment, then she is free from fault."

The evidence of the plaintiff in the case at bar points to a case parallel in all its essential features to the one last quoted. The conductor and the brakeman were both sworn upon the trial of this case, but neither of them testified as to their being at the car at the time that the plaintiff sought to alight; and the evidence clearly establishes that, when the plaintiff sought to descend from the car, there was no one to assist her.

We have reached the conclusion that the order appealed from should be reversed, and that a new trial should be granted, with the costs to abide the event. All concur.

---

(5 App. Div. 36.)

### DAVIS v. GRAND RAPIDS FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. April 18, 1896.)

MOTION FOR NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—REQUISITES.

    A motion for a new trial on the ground of newly-discovered evidence is one involving an issue of fact within Code Civ. Proc. § 997, requiring a motion for a new trial on an issue of fact to be made on a case settled and signed by the trial judge, so as to entitle the prevailing party to costs "as upon appeal," as provided by section 3251, subd. 3.

Appeal from special term, Erie county.

Action by Isaac Davis against the Grand Rapids Fire Insurance Company, of Grand Rapids, Mich., on a fire policy. There was a judgment for plaintiff, and defendant's motion for a new trial denied. From an order denying its motion to retax costs allowed plaintiff under Code Civ. Proc. § 3251, on the motion for a new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Richard L. Ball, for appellant.

Edward L. Jellineck, for respondent.

WARD, J.   This was an action upon a fire insurance policy to recover for a loss.   A verdict was rendered for the plaintiff, and on the 5th of November, 1895, the defendant obtained an' order to show cause, returnable at special term, why a new trial should not be granted herein, upon the ground of newly-discovered evidence, which motion was denied.   Its order was based upon certain affidavits, and upon a case containing exceptions, as settled in the action, and upon all·papers and proceedings had therein.   The controversy arises over the taxation of costs in favor of the plaintiff. The clerk of Erie county taxed the plaintiff's costs at $60 for the motion for a new trial.   The defendant objected to this item.   The defendant moved before the special term for a retaxation of these costs, to the end that the bill might be corrected by striking out·the $60.   The special term denied the motion, and the appeal from this order brings the question before us for review.

Section 997 of the Code of Civil Procedure provides:   "When a party intends to appeal from a judgment rendered after a trial of an issue of fact, or to move for a new trial of such an issue, he must, except as otherwise prescribed by law, make a case and procure the same to be settled and signed by the judge, justice or referee," etc. By subdivision 3 of section 3251 of the Code of Civil Procedure, costs are given to either party "upon a motion for a new trial upon a case, or an application for judgment upon a special verdict the same sums as upon an appeal."   The costs upon appeal are, before argument, $20; for argument, $40.   In Russell v. Randall, 123 N. Y. 436, 25 N. E. 931, it seems to be conceded that, when a motion for a new trial is made upon the ground of newly-discovered evidence, it must be made upon a case under section 997 of the Code of Civil Procedure, unless, by consent of the parties, it is heard upon the pleadings and affidavits without a case; the general term of the Fifth department in that case having so held.   In Boyd v. Boyd, 11 Misc. Rep. 357, 32 N. Y. Supp. 295, the general term of the New York common pleas held that, in the absence of a case settled and signed by the trial judge, or of the consent of the opposing party to the settlement of a case for the hearing of a motion upon the pleadings and affidavits, the court had no authority to entertain a motion for a new trial upon the ground of newly-discovered evidence.   The same court held, in Perkins v. Quarry Co., 11 Misc. Rep. 337, 32 N. Y. Supp. 236, that, when a motion for a new trial was made upon a case and affidavits and papers thereto served, the successful party is entitled to the same costs as upon appeal; citing Atkinson v. Truesdell (Super. N. Y.) 7 N. Y. Supp. 801, and Wilcox v. Daggett, 15 Wkly. Dig. 208. In Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706, Judge Bradley, speaking for the general term of the Fifth department, held that section 997 of the Code of Civil Procedure applied to a motion made for a new trial upon the ground of newly-discovered evidence; and that that was declaratory of the practice as it existed before the enactment of the Code; and that a motion for a new trial could not be made if the person moving for the same had not made a case, and procured·the same to be settled.   This view seems to us to be reasonable, as, if a case is to be made and settled and an argument to be

had at special term upon such a case, though it may be connected with the affidavits upon which the motion for a new trial is partially made, the parties are subjected to the same labor and expense as are incidental to a motion for a new trial upon a case and exceptions for other reasons.    The $10 motion costs would be entirely. inadequate to compensate a party in such a case.    The case is indispensable upon such a motion, as motions for new trials are not granted upon the ground of newly-discovered evidence where the evidence is cumulative merely, or where the tendency of the evidence is simply to impeach the testimony of the witnesses upon the trial.    Nor will such a motion be granted except it shall appear fairly to the court that the newly-discovered evidence, had it been given upon the trial, would have changed the result.    To determine these questions, a full history of the trial and a complete statement of the evidence must be submitted to the court, duly authenticated by the trial court, for the consideration of the court before whom the motion is made. The only authority quoted in opposition to this view is that of Hosley v. Colerick, 9 Civ. Proc. R. 43.    The learned judge at special term in that case held that a motion for a new trial upon the ground of newly-discovered evidence was not a new trial upon the case, within the meaning of the provisions of section 3251 of the Code of Civil Procedure, for the reason that the motion was in fact made upon affidavits and other papers, and is not a motion on a case, but a case was only used on such a motion to enable the court, by an inspection of the same, to ascertain whether the alleged newly-discovered evidence, as disclosed by the affidavits, is cumulative.    The court seems to concede that a case must be made and used upon such a motion.    It is difficult to perceive, if that be so, why the respondent's contention here should not be sustained.

The order of the special term should be affirmed, with $10 costs, and with the disbursements of this appeal.    All concur.