(19 Misc. Rep. 415.)

ROUNDEY v. STILLWELL.

(City Court of New York, General Term. February 23, 1897.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—SUFFICIENCY.

Defendant, in an action on a promissory note indorsed by him, denied plaintiff's testimony that the indorsement was given in exchange for a note made by him to plaintiff, and stated that it was without consideration, and that plaintiff orally released him from liability thereon. Plaintiff testified that he was not present at the time and place of the alleged release, and, after judgment for defendant, produced, as newly-discovered evidence, a letter from defendant to him alluding to plaintiff's failure to meet him at such time and place to make the exchange of notes, which letter plaintiff had forgotten at the time of the trial. Held, that a new trial should have been granted.

Appeal from trial term.

Action by John Roundey against John C. Stillwell. From a judgment in favor of defendant, and from orders denying motions for a new trial on the minutes, and for newly-discovered evidence, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and O'DWYER, JJ.

Dennis McMahon, for appellant.

Bacon, Hedges & Erdman, for respondent.

SCHUCHMAN, J. Appeals from a judgment entered on the verdict tendered by a jury, and from an order denying a motion for a new trial on the minutes, and from an order denying a motion for a new trial on the ground of newly-discovered evidence and surprise. All these appeals were heard and argued together. I will first consider the appeal from the order denying the motion for a new trial on the ground of newly-discovered evidence and surprise. This action is brought by the plaintiff against the defendant only, on two promissory notes made by one Fraser to the order of, and indorsed by, the defendant, Stillwell. The notes were the second and third renewals. The following facts appear from the appeal books: In the year 1889, and prior thereto, one Jean C. Tischner and John C. Tischner, her husband, or either of them, were the owners or owner of a shoe store in Elizabeth, N. J. Tischner was indebted to the plaintiff, Roundey, in the sum of $1,209.80, which he had secured by a chattel mortgage on the fixtures, stock, etc., of the store. He was also indebted to the defendant, Stillwell, in the sum of $243 (unsecured, however), and to several other persons. Plaintiff and the defendant met, and they concluded that the best thing to do was to find a purchaser for said store, and that out of the purchase price the plaintiff would take $1,150 for his chattel mortgage, and the excess was to go to the defendant in payment of his claim against Tischner. A purchaser was found in one Fraser, who offered to give $1,300 in notes for the store. There was one continuing negotiation, but two separate and distinct transactions were concluded and carried out, viz.: Tischner should give a bill of sale of the store to the defendant for his claim of $243 against Tischner, and defendant was to give his note for $1,150 to the plaintiff in satisfaction of his chattel mortgage.

Defendant should then give a bill of sale to Fraser for the consideration of $1,300, receiving this sum in five notes; four of which, to amount to the sum of $1,150, to be indorsed by the defendant, and to be given to the plaintiff in exchange for defendant's said note of $1,150, and the defendant to retain one note of $150 for himself. This was carried out, and the two bills of sale (Exhibits 1 and 2) were given. Be it remarked here that the bill of sale (Exhibit 1) transferred the store not only subject to plaintiff's chattel mortgage of $1,209.80, but also to another of $280 held by E. Martin & Co., which the plaintiff canceled by paying $50 therefor. Thus, it will be seen that the plaintiff received only $1,150 for his $1,209.80 mortgage, and paid $50 to cancel the second mortgage in order to free the store from the lien, receiving thus $109.80 less than his claim, and that thereby the defendant was enabled to realize the sum of $150 out of the purchase money of $1,300 for himself; and, in consideration of that, it may well be assumed that the defendant indorsed the $1,150 of Fraser's notes, and, if so, he was an indorser for value, and liable on the notes. Defendant maintains, however, that he never gave his note of $1,150 to the plaintiff; that he was used merely as a channel in which the transaction should be carried; that the plaintiff was present when the Fraser notes were given, in Lawyer English's office; that the notes were to be made to his order so as to show a straight transaction on the face of the matter; that he was not to be held liable on his indorsements on the notes, as the plaintiff needed to discount the notes in bank to raise funds. In face of the evidence, and in particular the documentary one, this is a very incredible story, and I cannot and will not believe it. The plaintiff denied that he was present at the interview in Lawyer English's office when the Fraser notes were given, and that he did not, and for said reason could not, have said to the defendant "he was not to be liable on his indorsements," etc.; that defendant swore to a falsehood; that he had a right to assume that the defendant would testify to the truth; that he was therefore surprised, because he did not and could not anticipate such evidence, and was therefore not prepared to meet it; that since the trial he found a postal card received by him from the defendant through the mail, which reads as follows:

"April 20, 1889.

"Dear Sir: I have the notes ready to hand over in exchange, but as you did not meet me, and Mr. English said he had no word from you to exchange, he could not do so. I am ready to change at any time you can meet me. Will be in my store Monday after 9 a. m. all day.
       "Truly,                               John C. Stillwell."

—In an old box, and also two checks, and the letter of English, which he had entirely forgotten. This newly-discovered evidence shows conclusively to my mind that the defendant did testify falsely when he stated that he never gave his own note of $1,150, and that the Fraser notes were not exchanged for that note, and that he was not to be liable on his indorsements, etc., and that such evidence is of such a nature that it is reasonably certain that on another trial it would change the result. The affidavit of Coriell shows that the defendant made a declaration to him contrary to the testimony given

by the defendant at the trial, but the affidavit does not disclose that that evidence was discovered by the plaintiff since the trial. From the appearance of the above facts, the court is satisfied that the ends of justice will be promoted by allowing the plaintiff an opportunity to present the newly-discovered evidence. Baylies, New Trials, pp. 524, 525.

The order denying the motion for a new trial on the ground of newly-discovered evidence is reversed, without costs of this appeal, and the said motion is granted on the payment of costs by the plaintiff to the defendant. Those costs are not discretionary. Davis v. Insurance Co., 5 App. Div. 36, 39 N. Y. Supp. 71.

The conclusion reached makes the consideration of the other appeals unnecessary. All concur.

---

(19 Misc. Rep. 433.)

JENNINGS v. KASMAK.

(City Court of New York, General Term. February 23, 1897.)

1. USURY—EVIDENCE NOT SUSTAINING.

Usury is not sustained by evidence that plaintiff paid to the maker $900 for two notes; the face value of the one sued on being $480, and that of the other, not in suit, $560.

2. TRIAL—REMARKS OF COURT AND COUNSEL.

It was not reversible error for plaintiff's counsel, in his summing up in an action on a note, to refer to rates of interest in other states, in the absence of evidence to that effect; nor for the court to characterize, in the presence of the jury, the defense of usury as an unconscionable one, where, under the pleadings, there was insufficient evidence to support a finding by the jury of usury. Schuchman, J., dissenting, because, under the pleadings, the question of usury was for the jury, who were prejudiced by the remarks.

Appeal from trial term.