WILSON v. ABBOTT et al.

(Supreme Court, Special Term, Chautauqua County. February, 1901.)

NEW TRIAL—MOTION—MAKING "CASE"—APPEAL—COSTS.
    Where plaintiff prepared a "case" for a motion for a new trial, which was granted without costs to either party, and the order on appeal was affirmed with costs, plaintiff was not entitled to costs for making and serving the "case," the order of affirmance including only the costs on appeal.

Action by Chauncey Wilson against Rush Abbott and another. There was judgment in favor of plaintiff, and a motion for a new trial granted, which was affirmed on appeal. Motion by plaintiff for retaxation of costs. Motion denied.

W. S. Thrasher, for the motion.

B. E. Farnham, opposed.

KRUSE, J. This controversy arises over the item of $30 for making and serving a case-made by the plaintiff upon a motion for a new trial, which was objected to by the defendant, and rejected by the clerk. The trial court granted a new trial upon the plaintiff's application without costs to either party, and the appellate division affirmed the order with costs. While the formal order granting the new trial does not show the precise grounds upon which the new trial was granted, the opinion of the trial judge, Mr. Justice Childs, shows that the motion was made upon the ground of newly-discovered evidence and mistake in computing the amount due upon the mortgage for the foreclosure of which the action was brought. The motion was made upon affidavits and a formal "case" containing the evidence upon the trial. The plaintiff does not claim to be entitled to the costs specifically allowed by section 3251 of the Code of Civil Procedure upon a motion for a new trial upon a case, but insists that he is entitled to recover for making and serving a "case," notwithstanding the provisions of the order granting the new trial that neither party should recover costs. Whether the "case" so made is to be regarded as simply in aid of the affidavits, and that no allowance can be made therefor upon the motion, as was held in Hosley v. Colerick, 9 Civ. Proc. R. 43, or the contrary, as was held in Davis v. Insurance Co., 5 App. Div. 36, 39 N.'Y. Supp. 71, I think, in either view, the clerk properly rejected the item of $30 for making and serving the "case." Upon motions for a new trial of this character it is usual not only to deny costs to the party prevailing upon the motion, but to impose costs as a condition of granting the new trial. The "case" was prepared by the plaintiff for the motion upon which the order was made granting the new trial, and that order having been made without costs to the plaintiff, and affirmed by the appellate division, precludes the plaintiff now from recovering for making and serving the case. Although the order of affirmance was made with costs, I think it included only the costs upon the appeal.

The motion is denied, with $10 costs.