(98 App. Div. 68)

## MAEDER v. WEXLER.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. JUDGMENTS—RES JUDICATA—DISMISSAL ON MERITS—ISSUES DETERMINED.
   While a dismissal of the complaint for insufficiency of proof does not prevent the bringing of another action for the same cause, or upon the same or a different theory, a judgment of dismissal upon the merits is a bar to a new action with respect to any and every issue that was necessarily involved or should have been raised in the action.

2. SAME—SUBSEQUENT ACTION—CHANGE IN THEORY.
   Where the complaint in an action to foreclose a mechanic's lien and for a personal judgment for the price of work done under a written contract was dismissed on the merits, a subsequent action could not be brought for the same work on the theory of an implied contract.

3. ACTIONS—SPLITTING.
   Where an action was brought on a written contract which made provision for extra work, and a recovery was had for the extra work, a subsequent action could not be brought to recover the balance of the claim arising out of the contract work and its contract price.

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1032.

Appeal from Appellate Term.

Action by Frederick J. Maeder against Adolph Wexler. From a determination of the Appellate Term (87 N. Y. Supp. 400) affirming a judgment of the City Court overruling a demurrer to the reply, defendant appeals. Reversed.

See 87 N. Y. Supp. 402.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Payson Merrill, for appellant.

Leonard J. Langbein, for respondent.

O'BRIEN, J. The second defense contained in defendant's answer set up a former judgment between the same parties, which it was claimed was a bar. There being a dispute as to what was admitted and what was denied with respect to the former judgment, it becomes necessary to refer to so much of the pleadings as solves this dispute. In the eighth paragraph of the second defense it was alleged:

"That on or before the 1st day of November, 1901, plaintiff duly filed a notice of his alleged claim and lien for the said work and materials set forth in paragraph I of the complaint, and claimed a lien therefor on the real estate set forth in paragraph I of the complaint in the office of the clerk of the county of New York, and on or about the 14th day of January, 1902, began an action to foreclose said lien and for a personal judgment against the defendant, Wexler, in the Supreme Court of the state of New York, held in and for the county of New York, entitled 'Frederick J. Maeder, Plaintiff, against Adolph Wexler and Others, Defendants.'"

The reply of the plaintiff to this second defense is as follows:

"He denies the allegations of the eighth paragraph of said answer, and alleges that he did file a notice of claim on or about the 1st day of November, 1901, based upon materials furnished and work done under the written contract and the written specifications annexed to the answer and for extra work, and did commence an action to foreclose said lien, alleging full and complete and specific performance of said written contract and written specifications, and not otherwise."

Standing alone, there might be force in the suggestion of the plaintiff that this form of denial was sufficient to raise the issue as to whether the labor and materials embraced in this action were the same as those included in the former; but when we consider all of the answer and the reply it is made reasonably certain that, while the plaintiff admits that in the former action the labor and materials now sued for were involved, the basis and theory upon which the two actions were brought were entirely different and distinct. The plaintiff admits that the former action was brought to foreclose a mechanic's lien and obtain a personal judgment against the defendant, and that such action was on an express written contract, which the plaintiff alleged had been fully performed. In the present action, however, the plaintiff sues upon a quantum meruit upon an implied contract for the value of the work done for the defendant.

We do not think that the plaintiff can seriously contend that the labor and materials embraced in this were not involved in the former action, but what is contended for is that, having alleged and failed to prove the full performance of the written contract, the question of the value of

the work, labor, and materials furnished was not presented nor passed upon or decided in the former action. We agree, therefore, with the learned Appellate Term that the question of law presented is whether the former action, which was brought to foreclose a mechanic's lien, and wherein a personal judgment was demanded, is a bar to this action to recover the value of the same labor and materials upon the theory of a quantum meruit. It would be impossible in the limits of an opinion to refer to all the cases or to reconcile them, because on the subject of res adjudicata the facts are necessarily decisive of each particular case. So here resort must be had to the nature of the two actions in order to determine whether the plea of res adjudicata or the plea in bar which the defendant urges and the facts concerning which are, in effect, admitted by the plaintiff's reply, is a good defense.

The facts are as follows: A written contract was entered into between the plaintiff and the defendant, dated April 11, 1901, for painting, papering, etc., certain houses for the price of $3,300. The contract provided that the work should be done according to certain specifications, and provided further that defendant, Wexler, should be at liberty to request extra work, and that the same should be added to the contract by "a fair and reasonable valuation." In the former action the plaintiff alleged that he had performed this contract, and in addition had done extra work, and had been paid a certain amount. It was for the balance that he filed a lien, which in the action he sought to foreclose. The defendant's answer set up the written contract and denied performance. The issues so raised were duly brought on for trial before a referee, who decided that the written contract referred to in the defendant's answer was the contract between the parties, and that the plaintiff had not performed his contract in important particulars, and that the action should be dismissed upon the merits; but that the defendant was indebted to the plaintiff for extra work and materials, and to that extent the plaintiff was entitled to judgment establishing his lien. Upon the referee's report a judgment to the effect stated was duly entered, which, among other things, established the plaintiff's lien against the defendant for extra work, and adjudged that "the plaintiff's cause of action to foreclose said mechanic's lien * * * upon his contract with the defendant be, and hereby is, dismissed upon the merits." The plaintiff in the present action alleges that at the special instance and request of the defendant he performed work and labor and furnished material in painting, papering, etc., the same houses against which he sought to foreclose a lien in the former action.

We can see no escape from the conclusion that the judgment in the former action is a plea in bar. It is undoubtedly the rule, as said in Kinney v. Kiernan, 49 N. Y. 164, that "the institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses." We think, however, that where the plaintiff has an election either to sue upon an express contract or to treat that contract as rescinded and to sue upon an implied contract, then, when the election has once been made, and the suit proceeds to judgment, and there is an adjudication "upon the merits," such judgment is a bar thereafter to bringing an action upon another theory. If, upon a trial, because of insufficiency in the proof,

there is a dismissal of the complaint, such a dismissal does not prevent the bringing of another action, even for the same cause or upon the same or a different theory. Where, however, an action is tried, and there is a dismissal upon the merits, the judgment entered upon such dismissal upon the merits is a bar to bringing a new action with respect to any and every issue that was necessarily involved or that should have been raised in that action.

We do not think that, where an action has been brought upon the theory of an express contract, and such action tried, and judgment entered dismissing the complaint upon the merits, a subsequent action can be brought upon the theory of an implied contract. In determining the force and effect which is to be accorded to a judgment dismissing a complaint upon the merits, we must view it in connection with the character of the action and its bearing upon the rights of the parties. In the case at bar the former action was one not only for the foreclosure of a mechanic's lien, but one in which a personal judgment was sought, and, upon proper proof, could have been obtained, against the defendant. In Booth v. Barron, 29 App. Div. 66, 51 N. Y. Supp. 391, it was said:

"This action, though in form one for the foreclosure of a mechanic's lien, in so far as it is for the recovery of a personal judgment, is governed by the rules applicable to actions for the recovery of money only."

Whether upon the theory of an express or an implied contract, it is apparent that for the work done and materials furnished the plaintiff had a single, indivisible cause of action, and we can find no authority that will permit the plaintiff, after having reduced part of the claim to judgment, to bring another action to recover the balance of the claim. The first action was upon a written contract, and the provision for extra work was part of such contract, and for this the plaintiff has succeeded in obtaining judgment. If the present action upon an implied contract to recover the balance of the claim can be separately brought, then the rule is violated that, where all the items spring from a single transaction, or are connected by one contract, one action only can be maintained. As said in Secor v. Sturgis, 16 N. Y. 554:

"The rule is fully established that an entire claim arising either upon a contract or from a wrong cannot be divided, and made the subject of several suits; and, if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits."

And it was held in O'Beirne v. Lloyd, 43 N. Y. 248, as correctly stated in the headnote, that:

"Where an action is brought on a contract, all claims arising under the same, and then due, constitute an entire and indivisible cause of action, and a judgment therein is a bar to any further action founded on such claims."

And in Perry v. Dickerson, 85 N. Y. 347, 39 Am. Rep. 663, the court said:

"It is sufficient, to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first action was founded. The law to prevent vexatious or oppressive litigation forbids the splitting up of one single or entire cause of action into parts and the bringing of separate

actions for each, and neither in this way, nor by withholding proof of par-
ticular items on the trial, or by formally withdrawing them from the con-
sideration of the jury, can the effect of the judgment as a complete adjudi-
cation of the entire cause of action be prevented."

We think, therefore, that, the plaintiff having elected to sue upon
the written contract which it was decided was the contract between the
parties, and having secured by judgment a part of his claim, he cannot
bring another suit for the balance; and, further, that the part of such
judgment which adjudged that he was not, upon the merits, entitled to
foreclose his lien, or to have a personal judgment against the defendant
for the balance which he alleged was due him, is a bar to the present ac-
tion to recover for the same work, labor, and materials, though brought
upon the theory of an implied contract.

It accordingly follows that the determination of the Appellate Term
should be reversed, with costs, and the demurrer to the reply sus-
tained, with costs. All concur.