(55 Misc. Rep. 195) ,

ALTMARK et al. v. HAIMOWITZ.

(Supreme Court, Appellate Term. June 27, 1907.)

COURTS—MUNICIPAL COURTS—NEW TRIAL—PROCEEDINGS TO PROCURE—CASE —NECESSITY.

    Municipal Court Act, Laws 1902, p. 1563, c. 580, § 255, provides that the court may grant or deny a motion for a new trial on the ground of fraud or newly discovered evidence, and that from the order an appeal shall lie. Section 20 provides that the provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court shall apply to the Municipal Court as far as the same can be made applicable. Code Civ. Proc. § 997, provides that one intending to appeal from a judgment on an issue of fact, or to move for a new trial, must, except as otherwise prescribed by law, make a case and procure the same to be settled and signed by the judge, as prescribed by the general rules of practice. *Held* that, where a motion is made for a new trial on the ground of fraud and newly discovered evidence, a case must be made and settled.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Jacob Altmark and others against Bernard Haimowitz. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Judgment affirmed, and appeal from order dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Aaronstamm & Chorosh, for appellant.

C. S. Rosenthal, for respondents.

SEABURY, J. This action was brought to recover rent, and resulted in a judgment for the plaintiff. Issues of fact only were involved, and a review of the testimony given upon the trial discloses no reason for reversing the judgment. After judgment had been entered the defendant moved upon affidavits, "and upon the pleadings herein and the testimony taken at the trial," for an order vacating and setting aside the judgment on the ground of fraud and newly discovered evidence. On April 15, 1907, this motion was denied. The appellant has appealed from the judgment and order, and insists that it should be reversed and a new trial ordered.

This motion was not made upon a case settled, as required by the general rules of practice, and therefore cannot be reviewed by this court. Section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580) provides for the making of a motion to set aside the verdict of a jury, or to vacate, amend, or modify a judgment, or to vacate, amend, or modify any judgment rendered upon a trial by the court without a jury. This section also specifies that such a motion "may be made upon the exceptions taken at the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law, provided said motion is made at the close of the trial, or within five days from the time the judgment was rendered, and in the latter case at least two days' notice of said motion is given to the opposing attorney, or party if there be no attorney of record." The motion prescribed by section 254 of the Municipal

Court act can only be made in the manner therein prescribed. Neither the Code nor the general rules of practice require such a motion as that specified in that section to be made upon a case settled. The situation is different, however, as to a motion made, as was the present motion, under section 255 of the Municipal Court act. This latter section provides as follows:

"The court may also, in a proper case, grant or deny a motion for a new trial on the ground of fraud or newly discovered evidence, and from the order an appeal shall lie as from a judgment in said court."

Section 20 of the Municipal Court act provides that:

"The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

By virtue of section 20 of the Municipal Court act, that part of section 997 of the Code of Civil Procedure is applicable to the Municipal Court, which provides as follows:

"When a party intends to appeal from a judgment, rendered after the trial of an issue of fact, or to move for a new trial of such an issue, he must, except as otherwise prescribed by law, make a case, and procure the same to be settled and signed, by the judge, justice or the referee, by or before whom the action was tried, as prescribed in the general rules of practice; or in a case of the death or disability of the judge, justice or referee, in such manner as the court directs."

Rules 31, 32, 33, 34, and 35 of the general rules of practice relate to the manner in which a case may be made and settled. When a motion is made for a new trial upon the ground of newly discovered evidence, a case must be made and settled, under section 997 of the Code of Civil Procedure. In Davis v. Grand Rapids Fire Ins. Co., 5 App. Div. 36, 39 N. Y. Supp. 71, the court said:

"The case is indispensable upon such a motion, as motions for new trials are not granted upon the ground of newly discovered evidence, where the evidence is cumulative merely, or where the tendency of the evidence is simply to impeach the testimony of witnesses upon the trial. Nor will such a motion be granted, except it shall appear fairly to the court that the newly discovered evidence, had it been given upon the trial, would have changed the result. To determine these questions, a full history of the trial and a complete statement of the evidence must be submitted to the court, duly authenticated by the trial court, for the consideration of the court before whom the motion is made."

This rule applies with equal force to a motion made, under section 255 of the Municipal Court act, in the Municipal Court of the city of New York.

Judgment appealed from affirmed, with costs, and appeal from order dismissed. All concur.