(61 Misc. Rep. 220.)

STEINMAN et al. v. BLUMENFELD.

(Supreme Court, Appellate Term. December 16, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—POWER—OPENING—DEFAULT.
    Where the Municipal Court hears a motion to open a default, under Municipal Court Act (Laws 1902, p. 1562, c. 580), § 253, giving it power to open a default, and decides the motion on the merits, its powers are exhausted, and it can entertain no further motions for the same relief.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. JUDGMENT (§ 161*)—BY DEFAULT—OPENING DEFAULT—SUFFICIENCY OF AFFIDAVITS.
    Affidavits in support of a motion to open a default judgment which set forth no form of proposed answer are insufficient.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 317; Dec. Dig. § 161.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Steinman and another against "Mary" Blumenfeld, first name fictitious, etc. Default judgment for plaintiffs. From an order denying a motion to open the default, defendant appeals. Order modified by directing that the motion be dismissed, and, as modified, affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herman Weiss, for appellant.
Benjamin Steinman, for respondents.

HENDRICK, J. This action was brought to recover for one month's rent of premises occupied by the defendant. The defendant defaulted in appearing, and an inquest was taken, and plaintiff had a judgment. Subsequently one Bertha Blumenfeld obtained an order to show cause why her default should not be opened, and, this motion coming on to be heard, it was denied. Whether or not this "Bertha" Blumenfeld is the person sued as "Mary" does not appear. Thereafter Bertha Blumenfeld obtained a second order to show cause why she should not be granted the same relief as asked for in the first motion, and the second motion was denied. From the order entered denying the second motion this appeal comes up.

The practice adopted herein cannot be sanctioned. It is doubtful whether the Municipal Court had jurisdiction to hear the last motion. Having once heard a motion under section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580), and having considered and decided such a motion upon the merits, it has evidently exhausted its powers under the statute, and can entertain no further motions for the same relief. Colwell v. New York, N. H. & H. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540. A court of record by reason of its inherent powers can grant a party leave to renew a motion and grant a rehearing, but a court of statutory creation has no such powers. The first motion in the case under consideration was so far as appears by the record heard and decided upon the merits. No leave to renew was asked, even if it could be granted. The affidavits used upon the second motion were more voluminous than those used on the prior motion, and, if defendant's practice is correct, she might still make a third motion, and to continue to make motions as long as she could procure additional affidavits or find some justice who would eventually grant her the relief sought. A defendant's remedy under the circumstances mentioned herein is to appeal from the first order made denying the motion. If we assume that Bertha Blumenfeld is the person who was served and whom the plaintiff intended to make a defendant herein, and that she had a right to make a second motion, the papers submitted on her part in support of the motion are defective in that no form of proposed answer is set forth therein. We hold, however, that the first motion having been denied upon the merits, and not for some mere irregularity, so far as appears by the record, that the court had no power to entertain a second motion, and such motion should have been dismissed.

Order denying motion modified by directing that the motion be dismissed, and, as modified, affirmed, with $10 costs on this appeal. All concur.