GUTTENBERGH v. GENOVESE et al.

(Supreme Court, Appellate Term.   March 14, 1910.)

1. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL FROM ORDER—CASE ON APPEAL—NECESSITY.

On an appeal from an order in the Municipal Court, no settled case is required; Municipal Court Act (Laws 1902, c. 580) § 318, providing that the trial justice shall settle the case, and exceptions, if any, applying only to an action tried after the joinder of issue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL—CERTIFICATION OF RECORD.

Municipal Court Act (Laws 1902, c. 580) § 282, subd. 6, providing that the clerk of that court shall authenticate by certificate or exemplification, as may be required, the records and proceedings of the court or any other papers appertaining thereto, filed with him, confers on the clerk ample power to certify to the correctness of papers used on appeal from orders entered in cases tried in that court before joinder of issue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—DEFAULT—MOTION TO OPEN.

Where a motion to open a default in a Municipal Court is heard by a justice sitting in the district where the case was tried, and is based on all the papers and proceedings in the action, as well as on other affidavits, the original papers there on file may be used.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—DEFAULT—VACATION—MINUTES.

Where the minutes of a trial in the Municipal Court are used on a motion to vacate a default, their correctness may be challenged in the same way as any other question of fact is put in issue.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

5. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—DEFAULT—VACATION—PAPERS—CERTIFIED COPIES.

Where a motion to vacate a default in the Municipal Court is heard elsewhere than in the district where the judgment was obtained and where the papers are on file, certified copies of the papers should be obtained for use on the hearing, and should be filed in the office of the clerk of the court where the motion is heard.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

6. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL FROM ORDER—RECORD—CERTIFIED PAPERS.

Where a motion to vacate a default in a Municipal Court is heard on certified papers by a justice in a district other than that where the judgment was obtained, and an appeal is taken from the order, the return should consist of the papers on which the motion was made, properly certified by the clerk as being the papers on file in his office; the clerk's certificate as to the papers being originals or true copies being sufficient to enable the appellate court to review the order.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan.

Action by one Guttenbergh against Taibbi Genovese and another. From an order granting a motion to set aside an order vacating a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

default judgment, defendants appeal.  On motion to dismiss.  Denied.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Samuel S. Breslin, for appellants.

Stackell & Louis, for appellee.

PER CURIAM.  The judgment in this case was entered against the defendants by default.  A motion to open such default was made and granted, the judgment vacated and set aside, and a day fixed for trial.  Subsequently the plaintiff moved before another justice of the Municipal Court for an order vacating the order opening the defendants' default.  This motion was granted, and the clerk was directed to "alter the records accordingly."

The appellants claim that the direction contained in the order made by the last justice was substantially the rendering of a new judgment; that the clerk of the Municipal Court so regarded it, and made an entry in the docket book of a new judgment; and this appeal is from such judgment and the order directing its entry.  The excuse offered by the appellants for their failure to procure the return to be filed herein is that they were unable to obtain the "settlement of the case" by the justice who heard the motion; said justice insisting that the case on appeal must be settled by the justice who rendered the judgment.

[1] We know of no reason or authority requiring the so-called "settlement of the case" of an appeal from an order.  There is no "case" made upon the decision of a motion.  Section 318 of the Municipal Court act provides that "said justice shall * * * settle the case and exceptions, if any"; but that section applies to an action tried after the joinder of issue, and obviously in such a case the return must be settled by the trial justice.  So, also, where a motion is made under section 255 of that act, for a new trial upon the ground of newly discovered evidence, there must be a case settled by the trial justice.  Altmark v. Haimowitz, 55 Misc. Rep. 195, 105 N. Y. Supp. 205; Harris v. Gregg, 4 App. Div. 618, 38 N. Y. Supp. 844; Davis v. Grand Rapids Fire Ins. Co., 5 App. Div. 36, 39 N. Y. Supp. 71; Scott v. Smith, 133 App. Div. 190, 117 N. Y. Supp. 455.  But in such cases the return is settled before the motion is made, and the settled case comes before this court upon the appeal, together with the other motion papers used thereon.

[2] Subdivision 6 of section 282 of the Municipal Court act declares that one of the duties of the clerks of that court is "to authenticate by certificate or exemplification, as may be required, the records or proceedings of the court, or any other papers appertaining thereto filed with him."  This confers upon the clerks of that court ample power to certify to the correctness of papers used upon motions and filed in their offices.

[3, 4] In a case of a motion to open a default, heard by a justice sitting in the district where the case was tried, if the motion was based upon all the papers and proceedings in the action, as well as upon other affidavits, the original papers there on file may be used

upon such motion. If the minutes of the trial are used upon a motion, their correctness may be challenged in the same way as any other question of fact is put in issue.

[5, 6] If the motion is heard elsewhere than in the district where the judgment was obtained, and where the papers are on file certified copies of the filed papers should be obtained for use upon the hearing. The papers used upon the hearing should be filed in the office of the clerk where the motion is heard, and when an appeal is taken from the order entered the return should consist of those papers, properly certified by the clerk as being the papers on file in his office. It would seem that certified copies in lieu of the originals on file might be sent up, if desired by the appellant; the clerk's certificate as to the papers being originals or true copies thereof being sufficient to enable this court to review the same upon appeal.

The practice herein indicated will simplify the procedure in cases of appeals from orders, and save the time that has heretofore been taken in locating the justice who heard the motion, who, owing to the system of rotation in that court, may be sitting in a district other than the one in which the motion was heard.

Motion to dismiss appeal denied, upon condition that the return be filed at least 10 days before the first day of the next term.