(70 Misc. Rep. 537.)

### BRENNAN v. JOLINE et al.

(Supreme Court, Appellate Term. February 9, 1911.)

1. Costs (§ 265*)—Items—Motion for New Trial—"Case."

Code Civ. Proc. § 3251, subd. 3, provides that "upon a motion for a new trial, upon a case," the same sum shall be allowed as costs "as upon appeal as prescribed in subdivision 4 of this section." Subdivision 4, before its amendment, provided that either party, upon an appeal to the Supreme Court from an inferior court, should be entitled to a taxation of $20 before argument and $40 for argument. Subdivision 4 was amended by Laws 1902, c. 515, by inserting, after the words "an inferior court," the words "excepting upon appeal to the Supreme Court from the City Court of the City of New York." *Held*, that a motion for a new trial on the ground of newly discovered evidence was one upon a "case," and where such motion was made in respect to a judgment of the City Court of the City of New York the prevailing party on the motion was entitled to $20 before argument and $40 for argument; but such allowances should not be made as upon appeal, as by such subdivision 4 the costs in such a case on appeal are limited to $10.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 1, pp. 985–994; vol. 8, p. 7597.]

2. Costs (§ 265*)—Motion for New Trial—Prevailing Party.

Where, in such case, plaintiff's motion for new trial was granted in the City Court, but such ruling was reversed on appeal, defendants were not entitled to the allowances as the prevailing parties on the motion, until after they had succeeded on appeal in reversing the order of the lower court, and a taxation of costs in their favor before that time would be improper.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*]

3. Costs (§ 265*)—Motion for New Trial—Prevailing Party.

Though plaintiff's motion for a new trial in the City Court of the City of New York was granted, defendant, on obtaining a reversal of the order, became the successful party on the motion, and was entitled to a taxation of $20 before argument, and $40 for argument, under Code Civ. Proc. § 3251, subd. 4, as amended by Laws 1902, c. 515.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*]

4. Costs (§ 265*)—Motion for New Trial—Discretion of Court.

The costs provided for by Code Civ. Proc. § 3251, subd. 3, to the prevailing party "upon a motion for a new trial upon a case," in the amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as prescribed by subdivision 4, as amended by Laws 1902, c. 515, are a matter of right, and not dependent on the discretion of the trial court.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*]

5. Costs (§ 265*)—On Motion for New Trial—Taxation.
That defendant, in an action in the City Court of the City of New York, on securing a reversal of an order granting plaintiff a new trial, secured a taxation of costs as "upon appeal to the Appellate Term," when his right to costs was dependent on Code Civ. Proc. § 3251, subd. 3, providing for costs "upon a motion for a new trial, upon a case," did not deprive him of the right to the costs so taxed.

[Ed. Note.—For other cases; see Costs, Dec. Dig. § 265.*]

6. Costs (§ 244*)—On Appeal—Construction of Order of Appellate Court —"Costs and Disbursements."
Where the Appellate Term, in reversing an order of the City Court of the city of New York, in granting a new trial to plaintiff, awarded "costs and disbursements" to defendants, such award had reference to $10 allowed by statute for costs on appeal, and not to the costs allowed by Code Civ. Proc. § 3251, subd. 3, to the prevailing party on a motion for a new trial.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 244.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

7. Costs (§ 265*)—On Motion for New Trial—Discretion of Court—Application of Statute.
Code Civ. Proc. § 3251, subd. 3, providing that "upon a motion for a new trial, upon a case," the same sum shall be awarded as costs as prescribed by subdivision 4 as amended by Laws 1902, c. 515, amounts to a special regulation in respect to costs to the prevailing party on a motion for a new trial in the City Court of New York; and hence, Code Civ. Proc. § 3236, providing that costs upon a motion in an action where the costs thereof are not specially regulated in this act are in the discretion of the court, has no application, and the award of the costs under such subdivision 3 is not discretionary, but is a matter of right.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*]

8. Costs (§ 265*)—Motion for New Trial—Effect of Stipulation.
Where, on a motion for a new trial in the City Court of the City of New York, the parties stipulated that a copy of the case, made and settled for the purpose of plaintiff's appeal from the judgment and order denying the motion on the minutes, might be submitted to the court and used for the purposes of such motion, precluded an allowance of stenographer's fees on such motion; it appearing that the case on appeal had been made and settled at the time the stipulation was made.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 265.*]

Appeal from City Court of New York, Trial Term.

Action by Peter Brennan against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From an order of the City Court of the City of New York, denying plaintiff's motion for a retaxation of costs, plaintiff appeals. Modified and affirmed.

See, also, 125 N. Y. Supp. 1114.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Winifred Sullivan, for appellant.

Masten & Nichols (Anthony J. Ernest, of counsel), for respondents.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HENDRICK, J. The defendants obtained a judgment in the City Court rendered upon the verdict of a jury. Subsequently the plaintiff moved for a new trial upon the ground of newly discovered evidence. This motion was granted and an order entered on April 20, 1910. The defendants appealed to this court, and the order was reversed "with costs and disbursements." Thereupon defendants' counsel caused a bill of costs to be taxed in the City Court; the disputed items thereof consisting of: "Appeal to the Appellate Term before argument, $20. Appeal to the Appellate Term for argument, $40." They also taxed as for disbursements: "Paid copy stenographer's minutes, $14.70." The plaintiff objected to the allowance of the foregoing items, and made a motion for a retaxation thereof, which was denied, and from the order denying such motion this appeal comes up.

The claim of the appellant is that all the items thus taxed were improperly allowed, for the following reasons:

"First. They could not be taxed as costs of the appeal to the Appellate Term, because by section 3251, subd. 4, of the Code of Civil Procedure, the costs of such an appeal are limited to $10.

"Second. They could not be taxed as motion costs, because (a) the costs awarded by the Appellate Term were limited to costs of the appeal; (b) the costs at Special Term were in the discretion of the court, neither party was entitled to them as a matter of right, and neither party was awarded them. The item of $14.70 was improperly allowed, because it was not a disbursement made on or rendered necessary by the motion for a new trial, or the appeal from the decision on that motion."

That the items of $20 before argument and $40 for argument could not be taxed as costs "upon appeal" is undoubtedly true. Subdivision 3 of section 3251 of the Code of Civil Procedure provides that, "upon a motion for a new trial, upon a case," the same sums shall be allowed as costs "as upon appeal as prescribed in subdivision fourth of this section." That a motion for a new trial upon the ground of newly discovered evidence must be made upon a "case" there is no question. Davis v. Grand Rapids Fire Ins. Co., 5 App. Div. 36, 38, 39 N. Y. Supp. 71. Subdivision 4, referred to, was amended in 1902. Chapter 515, Laws 1902. Prior to that time, by the terms of that section the sums of $20 and $40 were allowed "to either party upon an appeal to the Supreme Court from an inferior court." By the amendment there was inserted in that section, after the words "an inferior court," the words "excepting upon an appeal to the Supreme Court from the City Court of the City of New York." This amendment was made at the time the General Term of the City Court was abolished, and the evident intent of the Legislature was to limit the successful party upon the denial of a motion for a new trial upon the ground of newly discovered evidence, the costs upon such motion, and that upon *appeal* from an order of that character no costs should be allowed in the appellate court, other than the usual $10 costs given upon reversal or affirmance of orders.

In the case at bar, motion costs could not have been allowed to the defendants in the lower court, until they became entitled thereto by reason of being the successful parties, and therefore they could tax no costs until they had succeeded upon appeal in reversing the order of

the lower court. The plaintiff was successful in the City Court, and obtained an order granting a new trial upon the ground of newly discovered evidence, and in such cases the imposition of the costs of a former trial are usually imposed. Comstock v. Dye, 13 Hun, 113. Upon appeal, however, the order was reversed, and the defendants thereby became entitled to the same costs in the lower court as they would have been entitled to tax had they succeeded in that court and plaintiff's motion been denied, viz., $20 before argument and $40 for argument. Subdivision 4, § 3251, Code Civ. Proc. That in taxing such costs the defendants termed them costs "upon appeal to the Appellate Term" in no way affected the defendants' right to those items taxed.

The appellant's claim that such costs were in the discretion of the Special Term, that neither party was entitled to them as a matter of right, and neither was awarded them, is not well taken. As to whether a party is entitled to such costs as a matter of right, there cannot be much doubt. In the case of Davis v. Grand Rapids Fire Ins. Co., supra, the case does not discuss the question whether motion costs are in the discretion of the court or not; but a reference to the printed case on appeal shows that the motion for a new trial was denied, and the original order granted $10 costs. Later an order was granted striking out all reference to costs, and plaintiff taxed $60 costs as a matter of right. The Special Term and the Appellate Division sustained the decision of the clerk. Milliman on Costs, p. 92, note. It was held in Roberson v. Rochester Folding Box Co., 68 App. Div. 528, 73 N. Y. Supp. 898, that "the court had no discretion to change the amount of such allowance as fixed by statute." See, also, Stitt v. Rowley, 37 How. Prac. 179.

The appellant's counsel evidently appreciates the fact that such costs were allowed in the lower court as motion costs, as she states in her brief that they were "apparently allowed as motion costs at the Special Term on plaintiff's motion for a new trial." The term "costs and disbursements," in the order of this court, had no reference to the motion costs, and simply indicated that the appellants were entitled to such costs upon appeal as are provided by statute, which in the case at bar was $10. So that in fact the defendants did not tax the full amount of costs to which they were entitled.

Section 3236 of the Code of Civil Procedure has no application to a case of this kind as that section simply provides that:

"Costs upon a motion in an action, where the costs thereof are not specially regulated in this act, * * * are in the discretion of the court."

As we have seen, costs upon a motion where a case is made are "regulated by this act." It follows that the taxation of the item of $20 before argument and of $40 for argument was proper.

I do not think, however, that the item of $14.70 for stenographer's minutes should have been allowed. The attorneys for the respective parties at the time the motion was made for a new trial had stipulated as follows:

"It is hereby stipulated and consented that, on any motion made by plaintiff for a new trial of this action on the ground of surprise or newly discov-

'ered evidence, a copy of the case made and settled for the purpose of plaintiff's appeal from the judgment and order denying motion for a new trial on the minutes, heretofore entered herein, may be submitted to the court and used for the purposes of said motion and any appeal from the decision thereon."

It is stated in appellant's brief, and not disputed, that the case on appeal from the judgment had been made and settled on the day this stipulation was made. The stipulation recites that the case made on the appeal from the judgment may be used "for the purposes of said motion." It is clear, therefore, that a copy of the stenographer's minutes were unnecessary for use upon the motion made herein, and such sum should not have been allowed.

Order modified, by striking therefrom the sum of $14.70, costs taxed as for stenographer's minutes, and, as modified, affirmed, without costs. All concur.