### SOLOMONICK et al. v. LEVY.

(Supreme Court, Appellate Term. June 29, 1911.)

New Trial (§ 131*)—Proceedings to Procure—Case Settled—Necessity.

A case must be made and settled as a basis for a motion for a new trial on the ground of newly discovered evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 263–269; Dec. Dig. § 131.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Jacob Solomonick and another, doing business under the firm name of Solomonick Bros., against Charles Levy. From an order granting plaintiff's motion for a reargument of a previous motion for a new trial, which motion had been denied, and vacating the judgment theretofore rendered, defendant appeals. Reversed, and judgment reinstated.

Argued before SEABURY, GUY, and BIJUR, JJ.

Oscar Englander, for appellant.
Samuel Hellinger, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.  Plaintiffs had sued on a contract for painting certain iron work for defendant, and judgment had been rendered for the defendant.  It appears that the previous motion for a new trial had been denied, on the notion that plaintiffs could bring another action for the work done based on a quantum meruit.  The application for a reargument was urged because of the decision in Maeder v. Wexler, 98 App. Div. 68, 90 N. Y. Supp. 598, which plaintiff cites as authority for the proposition that an action on quantum meruit was barred by the prior adjudication in defendant's favor.  While it may be remarked in passing that the case cited is by no means analogous with the one at bar, that question has no bearing on the point at issue.

Both the original motion and the motion to reargue were made without a "case settled."  It has been held repeatedly in this court since Altmark v. Haimowitz, 55 Misc. Rep. 195, 105 N. Y. Supp. 205, that a case must be made and settled as a basis for such a motion. The case at bar is a good example of the necessity of that rule, since it is quite impossible to judge adequately whether the alleged new evidence is of any weight, or whether it can be regarded as new, in the sense in which that term has been construed.  From the recital in the moving affidavits, it seems to be quite immaterial and irrelevant. Nor is there any affidavit of the new witnesses indicating that they will testify at the trial, nor any explanation for the absence of such affidavits.

There is no need, therefore, of deciding another question raised by appellant, namely, whether the Municipal Court, as a court of limited statutory jurisdiction, has power to entertain a renewal of a motion for a new trial on this ground after it has once been denied. It may be said, however, that reasons can be advanced why the Municipal Court should be held to have power to entertain an application for the renewal of such a motion, and that the views expressed in Goldenberg v. Adler (Sup.) 123 N. Y. Supp. 389, and Steinman v. Blumenfeld, 61 Misc. Rep. 220, 113 N. Y. Supp. 550, as to the absence of power on the part of the Municipal Court to entertain the renewal of a motion under section 253 of the Municipal Court  act (Laws 1902, c. 580), are not clearly applicable in every instance to motions under section 255.

Order reversed, and judgment reinstated, with costs to appellant. All concur.